In the Matter of the ESTATE OF Roy C. MANNING, Deceased.

Carmela Althea SCHWEER, Appellant (Petitioner),

v.

Warren MANNING, Appellee (Respondent).

No. 5645.

Supreme Court of Wyoming.

June 9, 1982.

Robert M. Shively of Murane & Bostwick, Casper, for appellant.

Raymond B. Hunkins of Jones, Jones, Vines & Hunkins, Wheatland, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant filed a Petition for Determination of Heirship in the probate court for Converse County. The court denied the prayer of the petition, holding that there was a failure of proof and that it did not have jurisdiction. We will affirm.

The salient facts here are generally undisputed.[1] Roy Carl Manning died July 18, 1978, in Colorado. On December 14, 1978, a Colorado court determined that appellant was decedent's common-law wife and sole heir. On February 9, 1979, appellee filed his Petition for Letters of Administration in Converse County, Wyoming, probate No. 3264. On November 12, 1980, appellee filed a Final Report, Accounting and Petition for Distribution. The Notice of Final Settle-

---

1. We have taken the facts from the pleadings contained in the record supplemented by matters brought to our attention in oral argument and the parties' briefs. While these facts appear to be undisputed, the record does not contain any evidence nor is there any factual stipulation. As will be noted later in this opinion, the record does not reveal what transpired at the hearing on the Petition for Determination of Heirship.

ment of Estate stated: "If no objections are filed herein, said personal representative will make final settlement of the estate on the 25th day of November, 1980, or as soon thereafter as the matter may be heard."

On November 14, 1980, appellant filed probate No. 3450 in Converse County, Wyoming. This filing consisted of a Petition for Determination of Heirship; an affidavit by appellant; a death certificate; and an unauthenticated Colorado Order of Intestacy, Determination of Heirs, and Formal Appointment of Personal Representative. These materials, together with a notice of hearing dated and filed November 19, 1980 were also filed in probate No. 3264. Appellant contends that placing a copy of probate file No. 3450 in probate file No. 3264 constituted an objection to the Petition for Distribution. Appellee disagreed, and so did the trial court. In any event, on November 25, 1980, the court entered its Order Approving Final Report, Accounting and Decree of Distribution in probate No. 3264.

A hearing was held on December 22, 1980, in probate No. 3450 on appellant's Petition for Determination of Heirship. On November 23, 1981, the court's Order on Petition for Determination of Heirship was executed and filed. In denying the prayer of appellant's petition, the court held that there was a failure of proof and that it did not have jurisdiction.

I

This appeal is from the court's denial of appellant's prayer in her Petition for Determination of Heirship. The record reveals that the court entered its order November 23, 1981. On December 22, 1980, there apparently was a hearing on appellant's petition, and the parties were represented by counsel. We have no indication of what

transpired at this hearing. It seems that appellant did not produce testimony or exhibits in support of her position. Respective counsel argued their positions to the court, but the record on appeal does not contain a transcript of this hearing nor does it contain any exhibits offered or introduced into evidence. Furthermore, we do not know whether the court was asked or took judicial notice of files in the probate case previously concluded. We could make an educated guess with respect to what was presented to the court, but that is an improper substitute for a record.

We said in *Scherling v. Kilgore*, Wyo., 599 P.2d 1352, 1357 (1979), "It is properly an appellant's burden to bring to us a complete record on which to base a decision." No transcript of the evidence has been submitted and there has been no compliance with Rule 4.03, W.R.A.P.[2]

Granted, failure to provide a transcript of evidence does not necessarily require a dismissal of an appeal. However, we are restricted in review to those allegations of error not requiring an inspection of the transcript.

"Where there is no transcript before the court on appeal, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. [Citations.] We are therefore limited in our review to those items of error which do not necessitate consideration of the transcript. [Citations.]" *Oman v. Morris*, Colo.App., 471 P.2d 430, 432 (1970).

A successful challenge to the proceedings in probate No. 3264 and to the decree of distribution dated November 25, 1980, is fundamental to appellant's theory for reversal. Appellee characterized appellant's attack on the decree of distribution as

**2.** "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

a collateral attack. Appellant denies that her attack is collateral and states that it is a direct attack. We will not concern ourselves with the proper adjective to describe the attack. Suffice it to say, the gist of appellant's theory is an attack on the decree of distribution, which she tried to attack by having the probate court in the second case declare her the heir, contrary to the decree in the first case. To prove that her petition for heirship should be considered she first had to prove that the decree of distribution entered in probate No. 3264 was null and void. To do that she would have had to introduce the papers filed in probate No. 3264 into evidence, or produce other competent evidence. She failed to do so. Appellant seems to equate pleadings with proof, but it is fundamental that pleadings standing alone are not the equivalent of proof. The function of a pleading is to put the other party on notice of what the pleader intends to prove and to define the issues. *Treanor v. B. P. E. Leasing, Inc.*, Iowa, 158 N.W.2d 4 (1968). Pleading also generally allocates the burden of proof on a particular issue. *Pawlinski v. Allstate Insurance Company*, 165 Conn. 1, 327 A.2d 583 (1973). Here, there was a total lack of evidence revealed in the record on appeal to challenge the efficacy of the decree of distribution. If appellant did present any evidence below, the record on appeal does not show it.

■ Appellant bases her challenge on an assertion that she never received notice of the entry of the decree of distribution until after the time for appeal had expired, but the only indication of lack of notice is an affidavit of counsel.[3] Assuming arguendo that appellant did not receive notice of the decree of distribution, she still did not produce any evidence on appeal that she was entitled to notice or that there was any irregularity in probate No. 3264. In the record on appeal there appears a copy of the Colorado Order of Intestacy and Determination of Heirs. This copy does not meet the minimum requirements for admission in evidence. Rule 902, W.R.E., says that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to certain documents, one of which pertains to certified copies of public records. Rule 1005, W.R.E., provides that the contents of an official record, if otherwise admissible, may be proved by copy certified as correct in accordance with Rule 902, W.R.E., or testified to be correct by a witness who has compared it with the original. In this case, the document was not certified or authenticated by a witness, and would therefore have been inadmissible.

■ In any event, so far as the record reflects, neither the Colorado decree nor any other exhibit was offered or received in evidence. The Colorado decree was apparently just inserted into the record. The Wyoming decree of distribution does not appear void or even voidable on its face, and no evidence was produced challenging its efficacy so far as the record reveals. There is no transcript of testimony, nor are there any exhibits in the record; therefore, there is nothing before us in support of appellant's challenge to the decree of distribution in probate No. 3264.

Since the appeal fails to make a record in support of appellant's Petition for Determination of Heirship, we need not consider the jurisdictional issue. We have said we must affirm a judgment on any legal ground apparent from the record. *Agar v. Kysar*, Wyo., 628 P.2d 1350 (1982); and *Wightman v. American National Bank of Riverton*, Wyo., 610 P.2d 1001 (1980).

Affirmed.

THOMAS, Justice, specially concurring, with whom ROSE, Chief Justice, joins.

I agree that the judgment of the trial court should be affirmed. Fundamental to any proceeding in a court is the matter of jurisdiction. If the court is without juris-

---

**3.** The record contains an affidavit by counsel that no notices were given appellant or counsel. This affidavit was filed January 19, 1981, and was therefore not before the court for the December 22, 1980, hearing.

diction no judicial attention should be given to any other matters which are presented for the consideration of the court. In this instance I have no difficulty, based upon the information in this record, in concluding that the court was without jurisdiction to proceed.

It is clear from this record that the appeal is taken from the ruling of the probate court upon a Petition for Determination of Heirship filed under probate number 3450. This proceeding was commenced pursuant to § 2–9–201, W.S.1977. That statute provides in pertinent part that in the case of a person who is a nonresident of the state at the time of his death, the application by petition is to be made in the "district court of the county where the real estate or some part thereof belonging to the deceased in his lifetime is situated." The pleading is required to be filed in the district court, and the probate court was without jurisdiction. This proceeding is committed to the jurisdiction of the district court, and consistently with our recognition of the jurisdictional limitations upon the probate court the judgment should be affirmed on the basis that the court lacked jurisdiction to consider the matter. *In re Estate of Blaney*, Wyo., 607 P.2d 354 (1980); *In re Estate of Frederick*, Wyo., 599 P.2d 550 (1979); *In re Estate of Stringer*, Wyo., 345 P.2d 786 (1959); and *Church v. Quiner*, 31 Wyo. 222, 224 P. 1073 (1924).