**Steven W. STADTFELD, Appellant (Defendant),**

v.

**Nancy J. STADTFELD, Appellee (Plaintiff).**

No. 95–282.

Supreme Court of Wyoming.

July 1, 1996.

Donald L. Painter, Casper, for appellant.

Timothy W. Miller of Reeves & Murdock, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

Steven W. Stadtfeld appeals the district court's order modifying the divorce decree between Steven and Nancy J. Stadtfeld. Nancy Stadtfeld was given primary care and

custody of the parties' minor children after the court determined that Steven's repeated, unjustified refusal to allow Nancy to visit her children as required under the decree was a substantial change in circumstances.

We affirm.

## ISSUES

Appellant Steven W. Stadtfeld (Steven) presents the following issue on appeal:

Whether the District Court abused its discretion in transferring custody of the parties' children as punishment for Defendant's claimed refusal to permit visitation on occasions, especially where there had been no prior litigation or threat of litigation regarding the claimed loss of visitation rights.

Appellee Nancy J. Stadtfeld (Nancy) presents two issues for this appeal:

1. Whether this appeal should be dismissed because appellant has failed to provide a settled and approved statement of the evidence.

2. Whether a reasonable attorneys' fee should be assessed against appellant under Rule 10.05, Wyo. R.App. P.

## FACTS

On September 27, 1991, the Seventh Judicial District Court, State of Wyoming, Natrona County, granted a decree of divorce to Nancy. The decree awarded custody of the couple's two children to Steven, subject to reasonable and liberal visitation by Nancy. On February 14, 1995, Nancy filed a petition for modification of the divorce decree pursuant to Wyo. Stat. § 20–2–113(a) (1994). In the petition, Nancy alleged a substantial change in circumstances and asked the court to grant her sole custody of the parties' two minor children. Nancy also alleged that the requested modification was in the best interests of the children.

Nancy also filed a motion for temporary custody and a motion for an order to show cause on the same day. In those motions, Nancy alleged Steven "willfully disobeyed the Decree by refusing to allow plaintiff any visitation with the parties' children since April of 1994." On August 25, 1995, the court held an unrecorded hearing and made a verbal ruling from the bench. Steven filed a Combined Motion for Reconsideration and Objection to Order on August 29, 1995, which included a "fair summary of the testimony received on August 25," written by Steven's attorney.

On September 26, 1995, the district court entered an order modifying the divorce decree. The court found:

1. Plaintiff [Nancy] is a fit and proper person to have the primary care and custody of the parties' minor children....

2. A substantial change in circumstances has occurred since the entry of the divorce decree in this matter in that defendant has, without justification, repeatedly refused to allow the visitation required under the decree.

3. It would serve the best interests of the children for plaintiff to be granted the primary care and custody of [the children], subject to defendant's reasonable rights of visitation.

The court then granted Nancy the primary care, custody and control of the children, subject to Steven's right of reasonable visitation.

Steven filed a notice of appeal on October 24, 1995. On December 21, 1995, Steven filed an affidavit with the district court, which contained a "fair summary of the testimony received on August 25, 1995." Nancy filed an objection to Steven's statement of the evidence, pursuant to Wyo. R.App. P. 3.03, and submitted her own statement of the evidence with a supporting affidavit.

## DISCUSSION

Wyoming Rules of Appellate Procedure 3.03 provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. **The**

**statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.**

 Steven is the appellant in this case. Neither he, nor his attorney, submitted statements to the trial court for settlement and approval, nor have they provided this Court with a settled and approved statement of the evidence. It is the appellant's burden to bring to us a complete record on which to base a decision. *Wood v. Wood*, 865 P.2d 616, 617 (Wyo.1993); *Schweer v. Manning*, 646 P.2d 175, 176 (Wyo.1982). No transcript was taken in this case and Steven has failed to comply with Wyo. R.App. P. 3.03.

Granted, failure to provide a transcript of evidence does not necessarily require a dismissal of an appeal. However, we are restricted in review to those allegations of error not requiring an inspection of the transcript.

"Where there is no transcript before the court on appeal, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. [Citations.] We are therefore limited in our review to those items of error which do not necessitate consideration of the transcript. [Citations.]"

*Schweer*, 646 P.2d at 176 (quoting *Oman v. Morris*, 28 Colo.App. 124, 471 P.2d 430, 432 (1970).

Steven argues only that the district court abused its discretion in finding a substantial change in circumstances and transferring custody of the children to Nancy. In order to resolve such a claim, we must examine the evidence to determine whether the trial court could reasonably conclude as it did. *Ready v. Ready*, 906 P.2d 382, 384–85 (Wyo.1995). Without a record of the proceedings, the Court must "assume that the district court heard evidence from which it could find a change" in circumstances. *Feaster v. Feaster*, 721 P.2d 1095, 1096 (Wyo.1986). "Without either a transcript or an approved statement of the hearing we cannot assume that the court's findings were unsupported. We

cannot find an abuse of discretion." *Id.* at 1097.

Without a proper factual record, this Court cannot certify a reasonable cause for an appeal claiming an abuse of discretion. *Nicholls v. Nicholls*, 721 P.2d 1103, 1106 (Wyo. 1986). Nancy shall submit a statement of costs and attorney's fees to this Court, and, upon review, an appropriate award of costs, fees and penalty will be ordered by this Court. Wyo. R.App. P. 10.05; *Hamburg v. Heilbrun*, 891 P.2d 85, 88 (Wyo.1995); *Phifer v. Phifer*, 845 P.2d 384, 387 (Wyo.1993).

### CONCLUSION

This Court will not review an alleged abuse of discretion without a proper record. Failure to provide a proper record in such an appeal results in an award of costs, attorney's fees and penalty pursuant to Wyo. R.App. P. 10.05.