Cherokee L. WILLIAMS, a/k/a Cherokee L. Dietz, Appellant (Plaintiff),

v.

Jerome M. DIETZ, Jr., Appellee (Defendant).

No. 98–328.

Supreme Court of Wyoming.

March 10, 2000 *.

* This case was originally assigned to Justice Thomas on March 31, 1999, for the rendering of a proffered majority opinion. The case was reassigned to Justice Macy on December 16, 1999. Justice Macy distributed a proffered opinion to the Court on February 18, 2000.

Representing Appellant: Donna S. Courtney of Sears Law Offices, Lander, Wyoming.

Representing Appellee: Jill E. Kucera of White, White & Kucera, P.C., Riverton, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant Cherokee Williams appeals from the district court's order which found that she failed to establish that an oral contract existed between her and her ex-husband, Appellee Jerome Dietz, Jr.

We affirm.

## ISSUE

Williams presents her issue on appeal in the form of a declaratory statement: "That the district court erred in finding that there was not a contract."

## FACTS

Dietz and Williams were married for twenty-one years. They divorced in September of 1992. Williams contends that, prior to filing for the divorce, the couple entered into an oral agreement concerning the marital home. She claims that she agreed not to involve the martial home in the divorce action in exchange for Dietz's promise to give her a share of the equity in the home at a later time. The parties subsequently executed three quitclaim deeds which transferred the marital real property to Dietz. The quitclaim deed at issue here was executed on June 19, 1992, and granted Dietz the marital home.

Dietz assisted Williams with the purchase of a mobile home and, after their divorce, voluntarily made payments on it totaling $22,108.66. Dietz also conveyed real property to Williams upon which she could place the mobile home. Williams remarried, and Dietz discontinued making the payments.

Williams filed a complaint wherein she alleged that she and Dietz had formed the oral agreement described above. She complained that Dietz breached their contract when he stopped making the payments. She also asserted a promissory estoppel theory of recovery. The district court heard the case and concluded that Williams failed to demonstrate the existence of an oral contract because she was unable to establish by a preponderance of the evidence that there was an offer, acceptance, consideration, or a meeting of the minds. Williams timely appeals from the district court's decision.

## DISCUSSION

### A. Breach of Contract

 Williams contends that Dietz breached their oral contract when he stopped making the payments on the mobile home. Dietz denied making the agreement that Williams seeks to enforce and asserts that the district court properly concluded that an oral contract did not exist. We agree that the district court ruled properly.

 Whether an oral contract exists is a question of fact to be determined by the trier of fact. *Fowler v. Fowler*, 933 P.2d 502, 504 (Wyo.1997); *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, 218 (Wyo. 1994). We, therefore, apply our traditional standard of review to determine whether sufficient evidence supported the district court's factual findings.

"[O]n appeal, the Supreme Court assumes that evidence in favor of the successful party is true, leaves out of consideration entirely the conflicting evidence presented by the unsuccessful party, and gives the evidence of the successful party every favorable inference that may reasonably and fairly be drawn from it. Furthermore, a reviewing court cannot substitute its judgment of the facts for that of the trial court unless the trial court's judgment is clearly erroneous or contrary to the great weight of the evidence."

*McCormick v. McCormick*, 926 P.2d 360, 362 (Wyo.1996) (quoting *Wyoming Sawmills, Inc. v. Morris*, 756 P.2d 774, 775 (Wyo.1988)). The party who alleges that a contract exists bears the burden of proving the terms of that contract. *Fowler*, 933 P.2d at 504.

 The basic elements of a contract are offer, acceptance, and consideration. *McCormick*, 926 P.2d at 362. "When these elements have been established, 'courts conclude that there has been a meeting of the minds and an enforceable contract exists.'" *Id.* (quoting *Idaho Migrant Council, Inc. v. Warila*, 890 P.2d 39, 41 (Wyo.1995)). Before

a court may order a contract to be specifically performed, however, the contract terms must be so certain that the court can require the specific thing agreed upon to be done. *Fowler*, 933 P.2d at 504; *Noland v. Haywood*, 46 Wyo. 101, 23 P.2d 845, 846 (1933). It is well established that courts do not have the power to supply indefinite terms.

Instead of presenting evidence to establish the essential terms of the agreement, Williams claimed only that Dietz agreed to "help her" once she decided what she wanted to do as long as she did not involve the marital home in the divorce action. This assertion does not definitely establish any of the essential terms of the alleged agreement. This lack of certainty in essential contractual terms forces us to agree with the district court's finding that an oral contract did not exist.

▆▆▆ With this conclusion in mind, we turn to Williams' argument that she should recover on the basis of the theory of promissory estoppel. To invoke the doctrine of promissory estoppel, there must be: "(1) a clear and definite agreement; (2) proof that the party urging the doctrine acted to its detriment in reasonable reliance on the agreement; and (3) a finding that the equities support enforcement of the agreement." *Provence v. Hilltop National Bank*, 780 P.2d 990, 993 (Wyo.1989); *see also Davis v. Davis*, 855 P.2d 342, 348 (Wyo.1993). Given our holding above that Williams and Dietz did not have a clear and definite agreement, the first criteria of Williams' promissory estoppel claim has not been satisfied. We, therefore, do not need to consider the two remaining factors in disposing of her promissory estoppel claim.

## B. Attorney Fees and W.R.A.P. Violations

▆▆▆ Dietz claims that Williams failed to comply with the Wyoming Rules of Appellate Procedure. He, therefore, asks this Court to award sanctions against Williams. We will oblige Dietz's request for several reasons.

▆▆▆ First, Williams, as the appellant, has failed to provide a sufficient record from which this Court can thoroughly review her case. *Weller v. Weller*, 960 P.2d 493, 497 (Wyo.1998). The record on appeal is fundamental to the exercise of appellate review because "[t]his court does not act as a fact finder." *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993). Without a sufficient record, we must

> accept "the trial court's findings as being the only basis for deciding the issues which pertain to the evidence." *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771 (Wyo.1995). "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings." 896 P.2d at 771–72.

*Weiss v. Pedersen*, 933 P.2d 495, 498 (Wyo. 1997). Additionally, in cases where a transcript of the hearing does not exist, W.R.A.P. 3.03 allows the appellant to settle the record by preparing a statement of the evidence or proceedings from the best available means. *Barela v. State*, 936 P.2d 66, 69 (Wyo.1997). The hearing in this case was not recorded, and Williams did not take advantage of this rule and prepare or provide this Court with a statement of the evidence. Finally, in violation of W.R.A.P. 7.01, Williams failed to include in her brief a statement of relevant facts, cites to the record, or a copy of the district court's order.

▆▆▆ We are generally reluctant to impose sanctions and will do so "only in those rare circumstances where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, and/or when there is a failure to adequately cite to the record." *Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo.1997). This is one of those rare circumstances. We certify that there was no just cause for this appeal and award penalties pursuant to W.R.A.P. 10.05. Dietz shall submit a statement of costs and attorney fees to this Court. Upon review, an appropriate amount of costs and fees will be awarded.

Affirmed.