2003 WY 87

**Richard Lee SMITH, Appellant (Plaintiff),**

v.

**Debra H. SMITH, Appellee (Defendant).**

No. 02–238.

Supreme Court of Wyoming.

July 17, 2003.

Richard L. Smith, Pro Se, Representing Appellant.

Debra H. Smith, Pro Se, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] Richard L. Smith (appellant) appeals from a Final Order and Judgment of the district court that denied his petition to modify a divorce decree's child support obligation and granted certain other relief to Debra H. Smith (appellee). Finding no abuse of discretion, we affirm, but remand for correction of a clerical error in the Final Order and Judgment.

## ISSUES

[¶ 2] The appellant presents the following issues for resolution:

I. Did the district court err in finding that there was no significant depreciation in [appellant's] assets?

II. Did the district court err in ordering the [appellant] to pay $1,126.00 per month for each child without setting forth any deviation as required by statute?

III. Did the district court err in determining that the child support had not changed by 20 percent?

IV. Did the district court err when it awarded a judgment for child support arrearages when the official record of the district court showed that no arrearage was due?

## FACTS

[¶ 3] The parties were married in 1985. The marital union produced three children, all of whom were minors when the parties divorced in 1995. The Decree of Divorce incorporated the terms of a Property Settlement, Child Custody and Child Support Agreement. In the divorce, the appellee obtained primary custody of the children and the appellant was ordered to pay a total of $800.00 per month in child support. Both parties filed financial affidavits along with their stipulation. There is no indication in the record that the child support amount deviated from statutory guidelines.

[¶ 4] In the years following the divorce, the appellant's child support payment history was not good. The record is replete with motions and orders to show cause, garnishments, and judgments for child support arrearages. On March 23, 2000, the appellant filed a Petition for Modification of Child Support. In the petition, he alleged "serious financial difficulties" being experienced by his business and an increase in the appellee's monthly income, the combined effect of which would be a reduction in his child support obligation in excess of twenty percent.[1]

[¶ 5] In her Response to Petition for Modification of Child Support, the appellee denied an increase in her monthly income, denied that a twenty percent decrease in the current support amount would result, and requested payment of her costs and attorney's fees for defending against the petition. In a subsequent Supplement to Response to Petition for Modification of Child Support, the appellee alleged that the appellant's income had actually increased, and requested an increase in child support.

[¶ 6] After a trial, the district court found generally in favor of the appellee and against the appellant. The district court computed the appellant's net monthly income at $4,320.00 and the appellee's net monthly income at $1,078.00. The district court determined the presumptive monthly support amount for three children to be $1,407.00, and established the appellant's share of that amount as $1,126.00. The Order and Judgment was made effective September 1, 2000.

1. Wyo. Stat. Ann. § 20–2–311(a) (LexisNexis 2003) requires petitions for modification to allege that the support will change by twenty percent or more if the statutory guidelines are applied to the present income figures.

[¶ 7] On February 8, 2002, acting *pro se,* the appellant filed a Petition for Review and Adjustment of Child Support and Modification of Divorce Decree. The appellant alleged that one of the parties' children had been living with him since May 2001, that application of the statutory guidelines would result in at least a twenty percent change in his child support obligation, that he was entitled to fifty percent reimbursement for medical expenses, and that he was entitled to costs and attorney's fees. The appellee's *pro se* response generally denied these allegations and narrated the appellant's continued failure to abide by existing court orders.

[¶ 8] After a trial, the district court once again found generally for the appellee and against the appellant. Specifically, the district court found as follows:

[The appellant] has not met his burden of proving a substantial change of circumstances such that the support amount would change by 20% or more per month. [The appellant] has not demonstrated any substantial change in his income since the last determination in August of 2000. [The appellant] continues to own valuable assets not in keeping with his claims of low net income. The deposits to his bank accounts indicate a higher income than used in the child support computations. [The appellant] claims that these amounts are greatly reduced by expenses but he has not proven that many of these expenses are proper deductions from income under Wyoming law or federal income tax law.

[The appellant] has also not proven that [the appellee's] income has substantially increased nor that her income is such as to require that she provide medical coverage for the children.

[The appellee] is entitled to a judgment against [the appellant] of $2074.88 for reimbursement of medical bills, $3924.22 for child support arrearages, and $5167.40 for attorney's fees and costs. [The appellant] is in contempt for not paying the medical bills and for claiming the children as dependents on his federal tax returns when he was not current in his child support payments.

**2.** Now Wyo. Stat. Ann. § 20–2–311.

## STANDARD OF REVIEW

[¶ 9] We described our standard of review for modification of child support orders in *Goody v. Goody,* 939 P.2d 731, 733 (Wyo.1997):

Modification of the provisions of a divorce decree is appropriate only in limited circumstances. *Smith v. Smith,* 895 P.2d 37, 41 (Wyo.1995). The party seeking modification of a child support order must establish that there has been a material and substantial change in circumstances subsequent to the decree which outweighs the interests of society in applying the doctrine of *res judicata. Id., Pinther v. Pinther,* 888 P.2d 1250, 1253 (Wyo.1995), *Nuspl v. Nuspl,* 717 P.2d 341, 345 (Wyo. 1986); *see also* W.S. 20–6–306(a).[2] The district court's decision to modify a divorce decree is reviewed for abuse of discretion. *Rocha v. Rocha,* 925 P.2d 231, 233 (Wyo. 1996) (*citing Cranston v. Cranston,* 879 P.2d 345, 349 (Wyo.1994)).

An abuse of discretion has occurred when the trial court could not reasonably have concluded as it did, or when any facet of its ruling was arbitrary or capricious. *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998).

## DISCUSSION

[¶ 10] The appellant's primary argument is that, in denying his petition for a decrease in his child support obligation, the district court improperly ignored the fact that the appellant's financial asset base had been significantly depleted since the prior modification by the forced sale of property to pay child support arrearages. He also contends that the district court improperly considered as income payments the appellant will receive from the sale of his business, a business that was already contemplated as an asset under the divorce. The appellant relies on *Bollig v. Bollig,* 919 P.2d 136, 137 (Wyo. 1996); *Klatt v. Klatt,* 654 P.2d 733, 738–39 (Wyo.1982); and *Paul v. Paul,* 616 P.2d 707, 712 (Wyo.1980), for the proposition that "contemplation of previously divided assets a sec-

ond time, as income for purposes of post-decree child support adjustments, is inequitable ...." The appellant also alleges that the district court erred in not finding a twenty percent change in his monthly child support obligation and in awarding a judgment for child support arrearages when the official court record showed no arrearage existed.

[¶ 11]   We begin our discussion of these issues by noting that the appellant has provided neither a transcript of the trial testimony pursuant to W.R.A.P. 3.02 nor a statement of the evidence pursuant to W.R.A.P. 3.03.   There also does not appear to have been a request for special findings of fact and conclusions of law under W.R.C.P. 52(a).   It is the appellant's burden to bring a complete record to this Court.   *Erhart v. Evans,* 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo.2001); *Wood v. Wood,* 865 P.2d 616, 617 (Wyo.1993).   Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record.   *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996) (*quoting Matter of Manning's Estate,* 646 P.2d 175, 176 (Wyo.1982)); *Wood,* 865 P.2d at 618.

> Without a sufficient record, we must
>
> > "accept the 'trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.,* 896 P.2d 769, 771 (Wyo.1995). 'In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings.' 896 P.2d at 771–72."

*Williams v. Dietz,* 999 P.2d 642, 645 (Wyo. 2000) (*quoting Weiss v. Pedersen,* 933 P.2d 495, 498 (Wyo.1997), *abrogated on other grounds by White v. Allen,* 2003 WY 39, 65 P.3d 395 (Wyo.2003)).   Furthermore, *pro se* litigants are held to the same standards as those represented by counsel.   *Dewey v. Dewey,* 2001 WY 107, ¶ 17, 33 P.3d 1143, 1147 (Wyo.2001); *In Interest of KMM,* 957 P.2d 296, 298 (Wyo.1998).

[¶ 12]   The findings and conclusions of the district court in the instant case do not, on their face, reveal that the district court committed any of the alleged errors.[3]   Without a record, we cannot say that the district court ignored the appellant's evidence of a decreased asset base, or that the district court improperly considered an "already considered" asset in determining the appellant's child support obligation, or that the district court erred in finding that support had not changed by twenty percent, or that the district court erred in finding an arrearage different from that shown in the court's records.   We simply do not know what any of the evidence was in regard to any of those issues, and the version of the facts argued by the appellant in his brief cannot substitute for that evidence.   We will affirm the district court in regard to the first, third, and fourth of the appellant's issues.

[¶ 13]   As to the second issue, we will remand for correction of a clerical error. Before the hearing on the appellant's petition, his child support obligation for three children was a total of $1,126.00 per month. The district court concluded that no substantial change in circumstances had taken place and that no change was due in the child support amount.   Nevertheless, the Final Order and Judgment contained the following language:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [the appellant] shall continue to make child support payments to [the appellee] through the Clerk of the District Court for the benefit of the minor children in the amount of $1,126 each in accordance with the initial Decree of Divorce, as amended by subsequent orders of this Court.

[¶ 14]   The appellant contends that this language tripled his child support obligation from $1,126.00 per month to $1,126.00 per child per month.   We are convinced, and the appellee admits in her brief, that there was no intent to change the amount of child support.   Most likely, the word "month" was omitted after the word "each."   We remand

---

**3.**   The quoted findings and conclusions are from the district court's decision letter.   The subse-

quent Final Order and Judgment contained substantially similar language.

to the district court with direction to correct this error.

## CONCLUSION

[¶ 15]   The appellant has failed to present this Court with a sufficient record for review of the issues he has presented.  We affirm the district court because there is nothing before us from which we can determine that the district court's findings and conclusions are in error.  We remand solely to correct a clerical error in the Final Order and Judgment.