2004 WY 77

**Gilbert Paul VERNIER, Appellant (Defendant),**

v.

**Agnes Marie VERNIER, Appellee (Plaintiff).**

No. 03–115.

Supreme Court of Wyoming.

June 29, 2004.

---

6. The appellant does not argue that he was, in effect, denied a "theory of the case" instruction.

Representing Appellant: Gilbert Paul Vernier, Pro Se.

Representing Appellee: Dorothy A. Regis, Buffalo, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1]   The appellant, Gilbert Paul Vernier, was incarcerated in Colorado when his wife filed for divorce. The divorce was granted, and the appellant now claims that the district court erred in dividing the parties' property and in not allowing him the requisite thirty days to answer the complaint. We affirm.

## ISSUES

[¶ 2]   The appellant presents two issues for our review:

1.  Was the division of marital property equitable?

2.  Were the Wyoming Rules of Civil Procedure violated?

## FACTS

[¶ 3]   The appellee, Agnes Marie Vernier, filed a Verified Complaint for Divorce on March 28, 2003. When she filed the complaint, her husband, the appellant, was incarcerated at Crowley Correctional Facility in Olney Springs, Colorado. He was personally served there with a copy of the complaint

and summons on March 31, 2003. The appellee filed an Application for Entry of Default on April 24, 2003, accompanied by supporting affidavits, and on May 7, 2003, after the appellant failed to plead or otherwise defend, the Clerk of the District Court entered a default. Despite the entry of default, the matter was heard on May 20, 2003, with the appellant appearing *pro se* by telephone. The district court ultimately granted the divorce and divided the parties' property and debts. The appellant filed a notice of appeal on June 9, 2003.

## DISCUSSION

[¶ 4] The appellant first claims that the district court's property division was inequitable. He contends that a "review of the record will convinced [*sic*] this Court that the trial judge *did not* carefully and conscientiously considered [*sic*] all of the factors that should have entered into the deliberations and subsequent decision pursuant to the division of property." (Emphasis in original.)

[¶ 5] We note, at the outset, that the appellant failed to provide this Court a transcript of the proceeding pursuant to W.R.A.P. 3.02,[1] or a statement of the evidence as allowed by W.R.A.P. 3.03.[2] The appellant has the burden of providing this Court a complete record. *Erhart v. Evans*, 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo. 2001); *Wood v. Wood*, 865 P.2d 616, 617 (Wyo.1993). Without a sufficient record, we

must " ' "accept the 'trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' " ' " *Smith v. Smith*, 2003 WY 87, ¶ 11, 72 P.3d 1158, 1161 (Wyo.2003) (*quoting Williams v. Dietz*, 999 P.2d 642, 645 (Wyo.2000) and *Weiss v. Pedersen*, 933 P.2d 495, 498 (Wyo.1997), *abrogated on other grounds by White v. Allen*, 2003 WY 39, 65 P.3d 395 (Wyo.2003)). "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings." *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771–72 (Wyo.1995). Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996).

[¶ 6] The division of marital property is within the sound discretion of the district court. *Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003). " 'Without either a transcript or an approved statement of the hearing we cannot assume that the court's findings were unsupported. We cannot find an abuse of discretion.' " *Stadtfeld*, 920 P.2d at 664 (*quoting Feaster v. Feaster*, 721 P.2d 1095, 1097 (Wyo.1986)). Accordingly, we will affirm the property distribution set out in the divorce decree.

[¶ 7] The appellant next requests that we nullify the district court's order,

1. W.R.A.P. 3.02(b) provides:

In all cases other than criminal and juvenile matters, if the proceedings in the trial court were stenographically reported by an official court reporter, appellant shall, contemporaneously with the filing of the notice of appeal, file and serve on appellee a description of the parts of the transcript which appellant intends to include in the record and unless the entire transcript is to be included, a statement of the issues appellant intends to present on appeal. If an appellant intends to assert on appeal that a finding or conclusion is unsupported by the evidence or contrary to the evidence, appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. If appellee deems a transcript of other parts of the proceedings to be necessary appellee shall, within 15 days after service of the designation of the partial transcript by appellant, order such parts from the reporter or

procure an order from the trial court directing appellant to do so. At the time of ordering, a party must make arrangements satisfactory to the reporter for payment of the cost of the transcript.

2. W.R.A.P. 3.03 provides:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

arguing that "Wyoming Rules of Civil Procedures were violated by the [appellee] ...." While the appellant does not specify which rules were violated, he claims that the "[a]ppellee failed to wait the required *30 days* before filing an Application For Entry of Default and Request for Setting." (Emphasis in original.) From this statement, we presume that the appellant is arguing that a default was entered, pursuant to W.R.C.P. 55,[3] before the thirty-day time period allowed by W.R.C.P. 12(a).[4]

[¶ 8] The record clearly demonstrates that the appellant was allowed more than the required thirty days to respond, which he did not do. The appellant was served on March 31, 2003, and on May 7, 2003, thirty-seven days later, the clerk of the district court entered the appellant's default. Furthermore, the matter does not appear to have been treated as a default. A hearing was held in which the appellant participated. We find no procedural violation.

[¶ 9] As a final matter, the appellee requests that we "award her attorney's fees for the necessity of responding to Appellant's meritless appeal." Such a sanction, pursuant to W.R.A.P. 10.05, is not generally available where, as here, a discretionary ruling is challenged. *Dorsett v. Moore*, 2003 WY 7, ¶ 14, 61 P.3d 1221, 1225 (Wyo.2003). We acknowledge that we have departed from this rule in the past. *See Barnes v. Barnes*, 998 P.2d 942, 946 (Wyo.2000); *Meyer v. Rodabaugh*, 982 P.2d 1242, 1245 (Wyo.1999); and *Stadtfeld*, 920 P.2d at 664. However, we find that although the appellant failed to meet the burden of providing a sufficient record, he generally presented cogent argument and cited pertinent legal authority in support of his claims of error. *Stonham v. Widiastuti*, 2003 WY 157, ¶ 31, 79 P.3d 1188, 1198 (Wyo.2003) (*quoting Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo.1997)); *Phifer*

*v. Phifer*, 845 P.2d 384, 387 (Wyo.1993). We deny the appellee's request for attorney's fees.

[¶ 10] The district court's decision is affirmed.

---

**3.** W.R.C.P. 55(a) provides:
*Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

**4.** W.R.C.P. 12(a) provides, in pertinent part:

*When Presented.*—A defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant, or if service be made without the state, or by publication, *within 30 days after such service* or within 30 days after the last day of publication ....

(Emphasis added.)