2005 WY 44

**Anne V. CARROLL, Appellant (Plaintiff),**

v.

**William John LAW, Appellee (Defendant).**

**No. 04–23.**

Supreme Court of Wyoming.

April 13, 2005.

Representing Appellant: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: Mary T. Parsons of Parsons Law Offices, P.C., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and BRACKLEY, D.J.

VOIGT, Justice.

[¶ 1]  The district court modified the parties' visitation schedule. The appellant (Mother) asserts that the modification was erroneous inasmuch as the particular visitation ordered was not requested by either party, was not in the child's best interests, and was not supported by substantial evidence. Mother also argues that her due process rights were violated when the district court disallowed witness testimony and limited the parties' arguments. We affirm.

## ISSUES

[¶ 2]  Mother presents two issues for our review:

1.  Did the court err when it modified the visitation?

2.  Was Mother's right to due process violated?

## FACTS

[¶ 3]  Mother and the appellee (Father) were married in Virginia in 1994. When the parties were divorced in 1998, Mother was awarded custody of their only child. Although visitation remained largely undefined, Mother and Father agreed that the child would spend every Thanksgiving with Father and every Christmas with Mother. After their divorce, Mother and Father reconciled and began living together again. In 2000, Mother, Father, and the child moved to Cheyenne after Mother accepted a job at F.E. Warren Air Force Base.

[¶ 4]  In April of 2002, after Father was convicted of child endangerment for slapping the child, Mother and Father separated and Mother filed a Motion to Modify Decree of Divorce as to Visitation. In this motion, Mother requested that Father's visitation with the child be supervised. Father responded with his own Petition for Modification of Decree of Divorce as to Visitation, wherein he requested that the district court define the parties' visitation and custody rights. On December 12, 2002, following a hearing, the district court awarded Father one week of supervised visitation during Christmas break. The district court concluded that "[m]ore definitive visitation cannot be ordered during the time allotted for this hearing...."

[¶ 5]  At the time of the December 2002 hearing, Father was living with his sister and her husband in Pennsylvania. Although Father made all the arrangements necessary to exercise his Christmas visitation, Mother refused to allow the child to go to Pennsylvania. Additionally, Mother notified the clerk of district court that she would be moving from Wyoming, but did not indicate to where she would be relocating. In response to Mother's actions, Father filed two motions in February of 2003:(1) a Motion for Order to Show Cause; Motion for Injunction, and Motion to Set Hearing, and (2) a Motion to Set Hearing on All Pending Matters. The first motion, heard on May 5, 2003, resulted in Mother being held in contempt of court and ordered to pay the transportation costs for a seven-day summer visit between the child and Father. The second motion was heard on July 21, 2003, and on November 3, 2003, the district court issued an Order Modifying Child Support and Visitation. With regard to visitation, the order awarded Mother Thanksgiving break in 2003 and odd years thereafter, and Father Christmas break in 2003 and odd years thereafter. Unhappy that Father was awarded visitation every other Christmas break, Mother appealed from the order.

## STANDARD OF REVIEW

[¶ 6]  "Custody, visitation, child support, and alimony are all committed to the sound discretion of the district court. It has been our consistent principle that in custody matters, the welfare and needs of the children are to be given paramount consideration. The determination of the best interests of the child is a question for the trier of fact. 'We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle.' *Fink* [*v. Fink* ], 685 P.2d [34,] 36 [ (Wyo.1984) ]."
*Reavis v. Reavis,* 955 P.2d 428, 431 (Wyo. 1998) (some citations omitted). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Pace v. Pace,* 2001 WY 43, ¶ 9, 22 P.3d 861, ¶ 9 (Wyo.2001); *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998).

"Our review entails evaluating the sufficiency of the evidence to support the trial court's decision, and we afford to the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. We cannot sustain findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence. Similarly, an abuse of discretion is present when a material factor deserving significant weight is ignored. *RDS v. GEMN,* 9 P.3d 984, 986 (Wyo.2000)."

*Pace,* at ¶ 10.

*Produit v. Produit,* 2001 WY 123, ¶ 9, 35 P.3d 1240, 1242–43 (Wyo.2001).

## DISCUSSION

[¶ 7] At the outset, we note that our review of this case is severely limited by Mother's failure to provide a transcript of any of the hearings that occurred below. Relying on W.R.A.P. 3.03,[1] Mother created a statement of the evidence and filed it with the district court. However, Father objected and the district court refused to adopt Mother's statement of the evidence.[2]

[¶ 8] On appeal, Mother makes two arguments. First, she claims that the district court abused its discretion when it awarded Father visitation every other Christmas when neither party specifically requested that visitation schedule and when "[t]here was no evidence in the record that supported that change as being in the best interests and welfare of the child...." In her second argument, she claims that she was denied due process because "[i]n both hearings, the Judge denied any witness testimony and limited arguments before the Court...."

[¶ 9] Unfortunately, without a transcript of the hearings, we have no way of knowing what evidence was presented and we are significantly limited in our ability to assess whether the district court abused its discretion with respect to either of Mother's appellate arguments. We have said that the

appellant has the burden of providing this Court a complete record. *Erhart v. Evans,* 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo.2001); *Wood v. Wood,* 865 P.2d 616, 617 (Wyo.1993). Without a sufficient record, we must " ' "accept the 'trial court's findings as being the only basis for deciding the issues which pertain to the evidence.' " ' " *Smith v. Smith,* 2003 WY 87, ¶ 11, 72 P.3d 1158, 1161 (Wyo.2003) (*quoting Williams v. Dietz,* 999 P.2d 642, 645 (Wyo.2000) and *Weiss v. Pedersen,* 933 P.2d 495, 498 (Wyo.1997), *abrogated on other grounds by White v. Allen,* 2003 WY 39, 65 P.3d 395 (Wyo.2003)). "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings." *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.,* 896 P.2d 769, 771–72 (Wyo.1995). Where a proper record is not provided, an appeal may be dismissed or review may be limited to those issues not requiring inspection of the record. *Stadtfeld v. Stadtfeld,* 920 P.2d 662, 664 (Wyo.1996).

*Vernier v. Vernier,* 2004 WY 77, ¶ 5, 92 P.3d 825, 827 (Wyo.2004).

[¶ 10] The district court awarded Father supervised visitation on alternating Christmas and Thanksgiving holidays. Giving every favorable inference to Father, as the prevailing party, and assuming the evidence presented was sufficient to support the dis-

---

1. W.R.A.P. 3.03 provides:

   **Statement of evidence or proceedings when no report was made or when the transcript is unavailable.**

   If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means including appellant's recollection. The statement shall be served on appellee, who may serve objections or propose amendments within 15 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal.

2. The district court's Statement Pursuant to W.R.A.P. 3.03 found as follows:

   2. The court recalls the parties, the arguments generally, and the issues in the case, and was satisfied that the order was proper when it was entered.

   3. The passage of time between the hearing and the presentation of the matter to the Court makes it impossible to recite from the Court's recollection what the precise evidence was upon which the court relied. Again, the Court is confident of its conclusions, but there has been a great deal of activity not only in that portion of the Court's docket, but in the underlying case, some of which is still pending and none of which has, up to this point, been reported. The Court cannot, absent that record, provide definitive factual representations.

   4. The Court was forced to reject the proffered statement of the [Mother] as facially inaccurate and not complying in any respect with the Rule, and must now adopt the position that [the Father] originally took, that is, that the record must speak for itself in its current state.

trict court's findings, we find nothing in the record before us demonstrating that the ordered visitation falls outside the bounds of reason or is an error of law. The same is true regarding Mother's due process claims. Mother received adequate notice of, and was present at, two hearings wherein visitation was addressed. Although Mother now claims that she was not allowed to call witnesses or adequately present her arguments, without transcripts of the hearings we have no way of knowing what, if any, witnesses were present and/or called, what evidence was presented, or what arguments were made. Mother has not met her burden of presenting an adequate record, and based on our review of the limited record provided, we cannot say that the district court abused its discretion.

### CONCLUSION

[¶ 11] Mother claims that the district court abused its discretion when it: (1) modified the terms of the parties' divorce decree to allow Father visitation every other Christmas break, and (2) limited arguments and did not allow her to call witnesses at the hearings. Mother bears the burden of providing a complete and adequate record for appellate review. Because she failed to provide transcripts of the proceedings below or other evidence to refute the findings of the district court, we must assume that the evidence presented at the hearings was sufficient to support the district court's findings.

[¶ 12] We affirm.