2006 WY 50

**Lynda E. PAYNE, Appellant (Defendant),**

v.

**Randy L. PAYNE, Appellee (Plaintiff).**

**No. 05–181.**

Supreme Court of Wyoming.

April 20, 2006.

---

**196**

Representing Appellant: Carol Serelson, Cheyenne, Wyoming.

Representing Appellee: Bert T. Ahlstrom, Jr., Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Lynda Payne (Mother) and Randy Payne (Father) were married in 1981. The marital union produced two children, both of whom were minors when the parties divorced in March of 1998. The divorce decree awarded Mother primary custody of the minor children. Father was ordered to pay, among other things, one-half of any uninsured medical, dental and eye care expenses incurred by the children. Mother, claiming that Father had fallen in arrears in medical reimbursement, petitioned the court to order Father to pay.

[¶ 2] After a full hearing, the district court denied Mother's petition. The district court found that Mother had waived her claim to reimbursement by not submitting the medical bills to Father in a timely manner. The district court also found that Mother failed to present sufficient evidence during the hearing to support the amount she claimed was due from Father. On appeal, Mother does not challenge the district court's finding that she did not meet her burden of proof. Rather, she takes issue only with the district court's determination that she waived her claim for reimbursement. The district court's unchallenged finding that Mother failed in her burden of proof, constituting an independent basis for denial of Mother's claim, renders Mother's appellate issue moot. In other words, because the denial of Mother's claim is supported on other grounds, reversal of the district court's waiver ruling would have no effect on the outcome of this appeal. The order of the district court is summarily affirmed.[1]

---

1. Even had Mother appealed the district court's sufficiency of the evidence ruling, she failed to provide this Court with an adequate record to permit rational review. *Erhart v. Evans*, 2001 WY 79, ¶ 18, 30 P.3d 542, 547 (Wyo.2001) (it is the appellant's burden to provide this Court with an adequate record). Without an adequate record, this Court presumes that the trial court's findings are supported by sufficient evidence. *Smith v. Smith*, 2003 WY 87, ¶ 11, 72 P.3d 1158, 1161 (Wyo.2003).