2006 WY 140

**Ron BIXLER, Appellant (Plaintiff),**

v.

**ORO MANAGEMENT, L.L.C., and Brad Hyde, Daniel R. Erd and Zane Pasma, Appellees (Defendants).**

No. 05–272.

Supreme Court of Wyoming.

Nov. 1, 2006.

Representing Appellant: Kenneth S. Cohen of Cohen Law Office, P.C., Jackson, Wyoming.

Representing Appellees: Richard Mathey of Green River, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Ron Bixler and Oro Management, L.L.C. ("Oro") owned 1700 acres of land near Atlantic City, Wyoming ("the Atlantic City property") as tenants in common. After seeking a partition of the land and agreeing with Oro to a partition procedure that differs from the statutory procedure, Bixler failed to perform the agreed-upon steps to effectuate the division. The district court, therefore, enforced the agreement and ordered the partition of the land. Bixler now appeals, claiming that the district court erred in deviating from the statutory procedure. We affirm.

* Chief Justice at time of expedited conference.

## ISSUES

[¶2] 1. Did the district court err in enforcing the partition of the Atlantic City property according to the parties' previous agreement instead of requiring that the property be partitioned according to the statutory procedure?

2. Was Oro's motion for entry of an order of partition "deemed denied" ninety days after it was filed?

## FACTS

[¶3] This is the second time these parties have appeared before this Court. For a detailed background of the claim underlying this appeal, see *Bixler v. Oro Mgmt., L.L.C.,* 2004 WY 29, 86 P.3d 843 (Wyo.2004). The facts relevant to the instant appeal were summarized [1] by the district court in its order of partition as follows:

1. On August 20, 2004 a hearing was held on [Bixler's] Motion For Partition. At the hearing the parties agreed on a procedure for division of their property. The parties agreed that Plaintiff Bixler would divide the property into two parcels and then Defendant ORO would select one of the parcels, thus completing the partition.[2] [Bixler] was ordered to prepare an appropriate order.

2. [Bixler] did not prepare an appropriate order. Therefore, on October 22, 2004[Oro] filed a Rule 58 Notice,[3] together with an order on [Bixler's] Motion For Partition.... Because [Bixler] had been provided with a copy of this order by mail on October 6, 2004 and because [Bixler] filed no objection to it, the Court entered the Order Regarding [Bixler's] Motion For Partition on October 28, 2004.

3. ... [Bixler] did not divide the property into separate parcels, as ordered in the Order Regarding [Bixler's] Motion For Partition. Further, [Bixler] made no response at all to [Oro's] Motion for Relief Under Rule 70.[4] The Court, on February 2, 2005, therefore entered its Order Granting Relief Under Rule 70.[5]

4. In said order Carl Anderson was appointed by the Court to divide the property in the same manner as ... Bixler had previously been ordered to do. Carl Anderson then proceeded to divide the property within the time allowed by the Court.... Oro then made its election of parcels.

5. ... Bixler could have and indeed should have divided the property, as he agreed to do and as he was ordered to do following the August 20, 2004 hearing. He chose not to do so. He also chose not to file anything at all in this action since his April 28, 2004 Motion For Order Of Partition.

6. Now, after having failed to act, after observing [Oro] move forward with the case, after permitting both [Oro] and the Court to proceed without objection or comment, and after having been consulted by Carl Anderson during formulation of the Division Report, [Bixler] comes before the Court complaining about the result.

7. [Bixler's] complaints about the Division Report inaccurately portray the Division Report. Said complaints are unsupported by evidence and entirely disregard [Bixler's] ongoing nonfeasance herein. Had [Bixler] done as he agreed to do and

1. Since there are no transcripts of any hearings that the district court held in this matter, we must assume the district court's findings of fact are supported by the evidence presented by the parties at those hearings. *Carroll v. Law,* 2005 WY 44, ¶9, 109 P.3d 544, 547 (Wyo.2005).

2. It appears from the record that the parties chose this method to avoid "the costly statutory procedure."

3. This notice simply provided Bixler with an opportunity to object to the form of the order within ten days.

4. That motion was filed on January 5, 2005.

5. W.R.C.P. 70 provides, in pertinent part:

> If a judgment directs a party to execute a conveyance of land ... or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party.

Bixler does not object to the application of Rule 70 in this manner.

as he was ordered to do following the August 20, 2004 hearing the Court would not have had to enter its Order Granting Relief Under Rule 70 and [Bixler] would not now be coming before the Court complaining of acts taken by Carl Anderson pursuant to said order.

[¶ 4]   After reciting these facts, the district court partitioned the Atlantic City property in accordance with the report filed by Carl Anderson and granted Oro title to the area it had previously elected and granted Bixler the remainder of the property. Bixler now appeals that order.

## STANDARD OF REVIEW

[¶ 5]   We review the interpretation and construction of statutes *de novo. Brown v. Arp & Hammond Hardware Co.,* 2006 WY 107, ¶ 11, 141 P.3d 673, 678 (Wyo.2006). Likewise, the application of our rules of procedure, including the W.R.C.P. 6(c)(2) "deemed denied" rule, is a question of law that we review *de novo. Rawlinson v. Wallerich,* 2006 WY 52, ¶ 6, 132 P.3d 204, 206 (Wyo.2006).

## DISCUSSION

[¶ 6]   At the outset, it is useful to note that, while the parties' briefs often digress from the issues on appeal, the only questions presented to us are: (1) whether the district court erred in enforcing the partition agreement as created during the August 20, 2004, hearing; and (2) whether Oro's motion for entry of an order of partition was deemed denied prior to the district court granting that motion and subsequently entering an order of partition.

[¶ 7]   That the Atlantic City property must be partitioned is not an issue in this case. Instead, the first question with which we are faced is whether, with the consent of both parties, such partition can be accomplished in a manner other than that provided by our statutes. In Wyoming,

[i]f the court finds that the plaintiff has a legal right to any part of the estate, it shall order partition in favor of the plaintiff or all parties in interest, appoint three (3) disinterested persons of the vicinity to be

commissioners to make the partition and order a writ of execution to issue.

Wyo. Stat. Ann. § 1–32–104 (LexisNexis 2005).   Bixler contends that it was error for the district court not to appoint commissioners to partition the property, though he makes no mention of the fact that he agreed to an alternate procedure.   As recited in the district court's order, "[t]he parties agreed that ... Bixler would divide the property into two parcels and then ... ORO would select one of the parcels, thus completing the partition."   Bixler has not refuted that such an agreement was reached and has also failed to discuss the applicability of Wyo. Stat. Ann. § 1–32–108 (LexisNexis 2005), which states that

[b]efore a writ of partition is issued, the person of whom partition is demanded may appear in court in person or by attorney and consent to a partition of the estate according to the facts and prayer set forth in the petition.   This amicable partition, when made and recorded, is valid and binding between the parties thereto.

[¶ 8]   Because Bixler omitted mention of the agreement he reached with Oro and because he failed to discuss the applicability of § 1–32–108, we have no reason to disagree with Oro's contention that § 1–32–108 should apply and, therefore, the district court was not bound to appoint commissioners under § 1–32–104.   Further, because § 1–32–108 applies, the district court did not err in applying W.R.C.P. 70 and appointing Carl Anderson to partition the Atlantic City property when Bixler neglected to do so.

[¶ 9]   We need not discuss this claim further because the remainder of Bixler's argument on this issue, which argument includes assertions that Carl Anderson was not impartial and that the division report was inaccurate and "unintelligible," alleges facts not contained in the record and is not supported by cogent argument or citation to pertinent authority.   *Cathcart v. Meyer,* 2004 WY 49, ¶ 20, 88 P.3d 1050, 1060 (Wyo.2004).

[¶ 10]   Bixler next argues that, under our holding in *Paxton Res., L.L.C. v. Brannaman,* 2004 WY 93, 95 P.3d 796 (Wyo.2004), the district court was divested of subject

matter jurisdiction because more than ninety days passed between Oro's *Motion for Entry of Order of Partition* on May 13, 2005, and the district court's grant of that motion on September 30, 2005. W.R.C.P. 6(c)(2) states that a "motion not determined within 90 days after filing shall be deemed denied." After first noting that more than 90 days passed between the motion and the order granting it and then identifying the language of W.R.C.P. 6(c)(2), the balance of Bixler's argument on this issue is as follows:

Although there seems to be confusion among Wyoming lawyers as to how and when the "deemed denied" rule applies, based on the *Hodges* opinion it seems clear that the district court was without authority to enter the Partition Order on September 30, 2005. As this Court stated in *Hodges [v. Lewis & Lewis, Inc.,* 2005 WY 134, ¶ 18, 121 P.3d 138, 144 (Wyo.2005)],

'Ms. Hodges argues that, because the district court did not rule on Lewis' January 12, 2004 motion for extension of time within 90 days after it was filed, it was deemed denied. We have no quarrel with that reasoning and agree that the motion was deemed denied after the 90 day period expired.'

[¶ 11] Bixler's argument must fail. First, he ignores the actual discussion of the "deemed denied" rule in *Hodges.* The remainder of the above-quoted paragraph notes that whether the January 12, 2004 motion in *Hodges* was deemed denied was not the real issue in that case. *Hodges v. Lewis & Lewis, Inc.,* 2005 WY 134, ¶ 18, 121 P.3d 138, 144 (Wyo.2005). Instead, the question was whether the district court retained jurisdiction such that it could rule on a renewed motion filed after the original motion was deemed denied. *Id.* at ¶ 19, 121 P.3d at 144.

We held that, because the motion at issue was interlocutory and not a post-trial motion that affected the finality of the judgment, the district court retained subject matter jurisdiction over the case and was able to enter an order after the original motion was deemed denied. *Id.* at ¶ 21, 121 P.3d at 145. In the instant case, Bixler has ignored that discussion and makes no argument that Oro's motion is distinguishable from the motion in *Hodges* and more closely resembles the situation we faced in *Paxton.*[6] We also note that, even if Oro's motion was deemed denied, Bixler has made no argument regarding the impact such a denial would have on the district court's ability ultimately to issue its October 21, 2005 *Order of Partition,* or if, as in *Paxton,* the denial would deprive the district court of jurisdiction. Because Bixler bears the burden of showing that error occurred in the proceedings below, and he failed to provide us with any other analysis or citation to pertinent authority to support his "deemed denied" claim, his argument must fail.

**CONCLUSION**

[¶ 12] The district court did not err in enforcing the partition agreement reached by Bixler and Oro, even though such agreement differed from the default statutory partition scheme. Further, Bixler has failed to prove that the district court did not have the authority to grant Oro's *Motion for Entry of Order of Partition*—or the subsequent order of partition—when the order granting Oro's motion was issued more than 90 days after the motion was filed.

[¶ 13] Affirmed.

---

6. In *Paxton,* we considered the interplay of several court rules in determining when a notice of appeal must be filed under the Wyoming Rules of Appellate Procedure in order to confer jurisdiction upon this Court. *Paxton,* ¶ 4. Paxton filed several post-trial motions, including a motion for a new trial, after a jury awarded Brannaman compensatory damages for breach of contract and breach of the duty of good faith and fair dealing. *Id.,* ¶ 1. The day after the post-trial motions were filed, the district court

entered a judgment on the jury verdict. *Id.,* ¶ 3. The court subsequently set a hearing for Paxton's post-trial motions on a date more than 90 days after they were filed. *Id.* Following the hearing, the district court denied the post-trial motions and Paxton appealed. *Id.* The notice of appeal was filed more than 30 days after the post trial motions were deemed denied and, accordingly, we ruled that the notice of appeal was untimely. *Hodges,* ¶ 20, 121 P.3d at 144–45.