**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON RAISER,

        Plaintiff-Appellant,

v.

UTAH COUNTY,

        Defendant-Appellee.

No. 04-4019

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:02-CV-1209-DAK)**

---

Submitted on the briefs[1]:

Aaron Raiser, Pro Se.

Jesse C. Trentadue and John D. Luthy, Suitter Axland, Salt Lake City, Utah, for Appellee.

---

Before **KELLY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Aaron Raiser, proceeding pro se, appeals the district court's grant of summary judgment to Utah County. The district court granted judgment based on admissions that Mr. Raiser was deemed to have made when he failed to respond within 30 days to the County's requests for admissions. *See* Fed. R. Civ. P. 36(a). We have jurisdiction under 28 U.S.C. § 1291. Because we believe that the district court abused its discretion by not allowing Mr. Raiser to amend his response to the request for admissions, we vacate the judgment in favor of Utah County, reverse the denial of Mr. Raiser's motions to amend, and remand for further proceedings.

I

On November 7, 2002, Mr. Raiser filed suit against Utah County and an unnamed deputy [2] in his individual capacity, alleging that they violated his civil rights and committed state-law torts through various policies and actions. The district court later allowed Mr. Raiser to file an amended complaint and a second amended complaint. On March 13, 2003, Mr. Raiser served Utah County with interrogatories. On April 14, 2003, Utah County requested a protective order

---

[2] The as-yet-unnamed deputy has never been served with process in this action. Consequently, he is not a party to the case, and the district court's granting judgment only to Utah County does not prevent its order from being final and appealable. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986) (per curiam).

staying discovery against it because of qualified immunity and moved to dismiss Mr. Raiser's claims on the same ground. The district court denied both motions the next month. On September 4, 2003, Utah County mailed its discovery requests, which included requests for admissions, to Mr. Raiser. On September 22 it mailed its responses to Mr. Raiser's discovery requests.

Mr. Raiser did not respond to Utah County's discovery requests within 30 days, and on October 17, 2003, Utah County filed a notice of admissions with the district court. Four days later Mr. Raiser moved the district court to amend the admissions or allow him to file a late response to the request for admissions. He argued that it was "manifestly unfair" that Utah County had taken six months to respond to his discovery yet it sought to enforce strictly the 30-day period against him. R. Vol. I, Doc. 42, at 2. He also contended that the court should decide his October 8, 2003, motion to file a third amended complaint before he responded to the County's requested discovery. On October 23 Utah County moved for summary judgment based on the deemed admissions. On October 27 Mr. Raiser renewed his motion for additional time to respond to the request for admissions and he filed a response on November 12, without having received court permission.

On December 15, 2003, the district court denied Mr. Raiser's motions to amend the admissions or allow an untimely response to the requests for

-3-

admissions, and it granted Utah County's motion for summary judgment. The district court also denied Mr. Raiser's later motion to alter or amend its judgment under Fed. R. Civ. P. 59(e) because he proffered no new arguments or evidence to support his position. Mr. Raiser appeals.

II

We apply the abuse-of-discretion standard when reviewing district-court decisions whether to permit withdrawal or amendment of responses to requests for admissions under Fed. R. Civ. P. 36(b). *See Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987). "We review grants of summary judgment *de novo* to determine whether any genuine issue of material fact exists, viewing all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party." *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003).

Rule 36(a) provides that "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters. If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted. *Id.*

Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). The court may permit such withdrawal or amendment "when [1] the

-4-

presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Id.*; *see Perez v. Miami-Dade County*, 297 F.3d 1255, 1265 (11th Cir. 2002).

With regard to the first Rule 36(b) factor, the district court found that Mr. Raiser had "fail[ed] to make any showing that withdrawal or amendment of the admissions would subserve the presentation of the merits of the action." R. Vol. II, Doc. 59, at 3 (internal quotation marks omitted). We disagree. As the Eleventh Circuit held, "[t]his part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (internal quotation marks and citation omitted). Here, the admissions at issue conceded the core elements of Mr. Raiser's case. Indeed, the district court's grant of summary judgment was based on the admissions. Thus, allowing the admissions to be withdrawn would subserve the presentation of the merits of the action. *See Perez*, 297 F.3d at 1266; *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994).

The second Rule 36(b) factor requires Utah County to show that it would be prejudiced by the withdrawal of Mr. Raiser's admissions. Mere inconvenience does not constitute prejudice for this purpose. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann*, 820 F.2d at 1121. In particular, "[p]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.*), 212 F.3d 551, 556 (10th Cir. 2000) (internal quotation marks omitted). "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348 (internal quotation marks omitted).

The district court made no specific finding that Utah County would be prejudiced by a withdrawal or amendment of the deemed admissions. The district court's decision indicates that its chief concern was the absence of reasons for Mr. Raiser's untimeliness. It stated, "In the end, Plaintiff has failed to offer a credible excuse for not responding to the request for admissions, and fails to give any basis to deny them effect." R. Vol. II, Doc. 59, at 6. We agree with the district court that no litigant should ignore deadlines established by applicable

-6-

rules, and sanctions may well be appropriate. But more than a failure to meet deadlines is required to deny a party relief from an admission. In ruling on a motion to grant such relief, "[t]he court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *In re Durability Inc.*, 212 F.3d at 556 (internal quotation marks and bracket omitted) (but noting that a higher standard applies when the admission is incorporated in a pretrial order).

Nothing in the record before us shows that Utah County suffered prejudice sufficient to bar amendment of Mr. Raiser's admissions. Only two weeks passed between the due date for Mr. Raiser's response and the date that he filed his initial motion to amend his admissions or allow an untimely response. During this period Utah County presumably was preparing the motion for summary judgment it filed on October 23. But, as we have stated, any prejudice to Utah County in preparing a motion for summary judgment is insufficient to foreclose withdrawal or amendment of the admissions. *See id.*

Under these circumstances we believe that the district court abused its discretion by refusing to allow Mr. Raiser to amend the admissions. And given that the admissions were the sole basis for the County's motion for summary judgment, the judgment in favor of the County cannot stand. On remand the

district court may consider Mr. Raiser's motions to amend his complaint, which have not been ruled upon.

Mr. Raiser also argues that the district court erred in denying his motion to sanction the County for its delay in responding to his discovery requests. We review for abuse of discretion a district court's decision whether to impose sanctions. *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999). Although the County was dilatory, we do not find that the district court abused its discretion by denying Mr. Raiser's request for sanctions.

III

We VACATE the judgment in favor of Utah County, REVERSE the denial of Mr. Raiser's motions to amend his admissions, and REMAND for further proceedings. In light of this disposition we need not rule on the district court's denial of Mr. Raiser's motion for reconsideration. We DENY Mr. Raiser's motion to seal these proceedings or, in the alternative, to strike Utah County's response brief. Finally, we GRANT Mr. Raiser's motion for sanctions only to the extent that we strike Utah County's supplemental appendix, which contains materials not presented to the district court; otherwise, that motion is DENIED.