2005 WY 134

**Antoinette HODGES, Appellant (Plaintiff),**

v.

**LEWIS & LEWIS, INC., Appellee (Defendant).**

No. 04–265.

Supreme Court of Wyoming.

Oct. 14, 2005.

---

Representing Appellant: Robert J. Reese, Green River, Wyoming.

Representing Appellee: Clark D. Stith of Greenhalgh, Beckwith, Lemich & Stith, P.C., Rock Springs, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

KITE, Justice.

[¶ 1] Antoinette Hodges appeals from the district court's order dismissing her personal injury case against Lewis & Lewis, Inc. (Lewis). After a bench trial, the district court found Ms. Hodges was not entitled, under Wyoming's comparative negligence statute, to recover for her injuries because she was more than fifty percent (50%) at fault. Earlier in the case, Lewis had missed a deadline for responding to Ms. Hodges' requests for admission, resulting in admissions under W.R.C.P. 36(a) of the matters contained in the requests. One of the requests asked Lewis to admit that Ms. Hodges did not contribute to her injuries. Prior to the trial, the district court allowed Lewis to amend its admissions in order to deny the request. Ms. Hodges claims that the district court erred by granting Lewis' request to amend or withdraw the admissions and allowing it to respond to the requests.

[¶ 2] We conclude that the district court did not abuse its discretion by allowing Lewis to respond to Ms. Hodges' requests for admission and, therefore, affirm.

## ISSUES

[¶ 3] Ms. Hodges offers the following issues for our consideration:

*ISSUE ONE.* Did the District Court have discretion to grant a "renewed" motion filed more than two (2) months after it was deemed denied by Rule 6(c)(2) of the Wyoming Rules of Civil Procedure?

*ISSUE TWO.* Did the District Court have discretion to extend Appellee's time to file a "renewed" motion fifty-two (52) days after the time to serve papers allowed by Rule 6(c)(2) of the Wyoming Rules of Civil Procedure?

*ISSUE THREE.* Did the District Court err when it considered issues of comparative fault against Appellant after, under the Wyoming Rules of Civil Procedure,

Appellee was deemed to have admitted that Appellant "did not contribute to her injuries ..."?

Lewis responds with an extensive list of issues:

1. Whether the district court abused its discretion in granting Appellee Lewis and Lewis, Inc.'s ("Lewis and Lewis") second discovery motion filed on June 17, 2004;

2. Whether Appellant Antoinette Hodges ("Hodges") is entitled to a second trial to have admissions deemed admitted as evidence, when counsel for Appellant Hodges did not seek to have any such alleged admissions entered as evidence during the first trial;

3. Whether Appellant Hodges, who appeals from an order on a motion determined within 28 days of its filing, may rely on W.R.C.P. 6(c)(2), which provides that a motion not determined within 90 days is deemed denied;

4. Whether Appellant Antoinette Hodges has waived any argument based on the law of the case doctrine by failing to raise that issue both in the district court and in this Court;

5. Even if Appellant Hodges has not waived the law of the case doctrine, whether the doctrine would apply to prevent the proper filing of the second discovery motion;

6. Whether W.R.C.P. 6(c)(2), the deemed denied rule, trumps a district court's inherent power to issue rulings on discovery motions;

7. Whether the granting of Appellant Hodges' appeal would violate due process; and

8. Assuming *arguendo* that the district court abused its discretion in granting Appellee Lewis and Lewis' second discovery motion, whether the trial court's final order dismissing Hodges' complaint was clearly erroneous.

### FACTS

[¶ 4] For the purposes of this appeal, the underlying facts of the case are not disputed. Ms. Hodges worked as a traffic flagger on a highway construction project in Farson. Lewis was the asphalt paving contractor on the job, and Craig Cruz was employed by Lewis as a truck driver. On June 25, 2002, Mr. Cruz's truck ran over Ms. Hodges' right foot while making a turn at the intersection where she was stationed.

[¶ 5] Ms. Hodges filed a complaint against Lewis, alleging that Mr. Cruz was negligent when he ran over her foot. On November 26, 2003, Ms. Hodges served discovery requests, including requests for admission, upon Lewis. Request for Admission No. 26 is at the heart of this appeal and it stated: "Admit that Plaintiff did not contribute to her injuries on June 25, 2002." Lewis' counsel failed to respond to the requests for admission within thirty days, as required by W.R.C.P. 36.

[¶ 6] Lewis' counsel realized his oversight on January 6, 2004, and immediately contacted Ms. Hodges' attorney. Lewis' attorney requested an extension of time to respond to the discovery requests, but Ms. Hodges' attorney refused to allow Lewis more time to respond to the requests for admission. Nevertheless, Lewis did respond to the requests for admission on January 6, 2004. With regard to Request for Admission No. 26, Lewis provided the following response: "Denied. This request is not a proper request for an admission of fact but is rather a legal conclusion that Defendant has previously denied and asserted as an affirmative defense." Lewis also filed a Motion for Extension of Time to Respond to Discovery or, In the Alternative to Amend or Withdraw Responses Under W.R.C.P. 36(b) on January 12, 2004.

[¶ 7] A hearing on Lewis' motion, together with a scheduling conference, was set for February 18, 2004. The scheduling conference took place; however, although the reason is not clear from the record, Lewis' motion apparently was not heard that day. Lewis subsequently filed a Renewed Motion for Extension of Time to Respond to Discovery or, In the Alternative, to Amend or Withdraw Responses Under W.R.C.P. 36(b), or, In the Alternative, Motion of Defendant under Rules 60(a) and 60(b) to Grant Such Extension or Allow Such Amendment.

[¶ 8]   The district court held a hearing on Lewis' renewed motion and, on July 8, 2004, granted it.  The district court ordered Lewis to respond to Ms. Hodges' requests by July 14, 2004, and, in accordance with that order, Lewis served Ms. Hodges with its responses. Ms. Hodges filed a motion requesting a continuance of the trial, which was scheduled to begin July 20, 2004.  She claimed that, in light of the district court's ruling allowing Lewis to amend its admissions, she needed more time to prepare for trial on the liability issue.  The district court granted the continuance.

[¶ 9]   On October 26 and 27, 2004, the district court held a bench trial on Ms. Hodges' negligence claim.  The district court subsequently entered an order finding in favor of Lewis and dismissing Ms. Hodges' complaint with prejudice.  The district court attributed more than fifty percent (50%) of the fault in the accident to Ms. Hodges and ruled, therefore, under Wyo. Stat. Ann. § 1–1–109(b) (LexisNexis 2005), she could not recover for her injuries. Ms. Hodges filed a timely notice of appeal.

## DISCUSSION

[¶ 10]   The parties present numerous issues for our review, but they all concern the same matter—whether the district court erred by allowing Lewis to amend its admissions to deny Request for Admission No. 26.  W.R.C.P. 36 governs requests for admissions and states in pertinent part:

(a) *Request for admission.*—A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .

. . . The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . . .

* * *

(b) *Effect of admission.*—Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  Subject to the provisions of Rule 16 governing amendment of a pretrial order,[1] the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.  Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

W.R.C.P. 36 (footnote added).  Rule 36 is identical to F.R.C.P. 36. Consequently, federal court interpretations of their rule are highly persuasive when we interpret our corresponding rule.  *Grove v. Pfister*, 2005 WY 51, ¶ 9, 110 P.3d 275, 279 (Wyo.2005).  See also, *Peters v. West Park Hospital*, 2003 WY 117, ¶ 10, 76 P.3d 821, 823 (Wyo.2003);  *Caldwell v. Cummings*, 2001 WY 106, ¶ 10, 33 P.3d 1138, 1141 (Wyo.2001).

[¶ 11]   District courts have broad discretion to manage pretrial discovery matters.  *McCulloh v. Drake*, 2005 WY 18, ¶ 16, 105 P.3d 1091, 1095 (Wyo.2005).  We, therefore, review the district court's decision on a motion to withdraw or amend admissions under Rule 36(b) by applying the abuse of discretion standard.  *Raiser v. Utah County*, 409 F.3d 1243, 1245–46 (10th Cir.2005).  See also, *Reeves v. Boatman*, 769 P.2d 917, 918, n.1 (Wyo.1989) (recognizing a court's broad discretion in determining whether a party should be allowed to withdraw an admission

---

1.  Under Rule 16, once an admission is incorporated into a pretrial order, it may be modified only to prevent manifest injustice.  *Kirtley v.*

*Sovereign Life Insurance Company of California (In re Durability, Inc.)*, 212 F.3d 551, 556 (10th Cir.2000).

under Rule 36(b)). An abuse of discretion occurs when a court:

> "[a]cts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances."

*Landsiedel v. Buffalo Properties, LLC,* 2005 WY 61, ¶ 23, 112 P.3d 610, 616 (Wyo.2005) quoting *Berry v. State,* 2004 WY 81, ¶ 43, 93 P.3d 222, 235 (Wyo.2004).

[¶ 12] In order to satisfy the first prong of the two-part test for withdrawing or amending admissions under W.R.C.P. 36(b), the moving party must show that the presentation of the merits of the case will be subserved by allowing the withdrawal or amendment. The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami–Dade County,* 297 F.3d 1255, 1265 (11th Cir.2002) quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed.1994). The first factor of the Rule 36(b) test emphasizes the importance of having actions resolved on the merits rather than as a result of a technical error. *Raiser,* 409 F.3d at 1246; *Perez,* 297 F.3d at 1266. This requirement is satisfied when it is shown that upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* Thus, there is a distinct preference in the rule for ascertaining the truth and deciding the case on its merits. *Perez,* 297 F.3d at 1266.

[¶ 13] Applying the first part of the test to this case, we conclude that allowing Lewis to amend its response to Request for Admission No. 26 which stated that Ms. Hodges did not contribute to her injuries subserved the presentation of the merits of the controversy. Lewis had filed an answer denying Ms. Hodges' claim that it was negligent and expressly stating, in an affirmative defense, that Ms. Hodges was more than fifty percent (50%) at fault for her injuries. If the admis-

sion had been allowed to stand, it would have essentially decided the breach-of-duty element of Ms. Hodges' negligence action. Permitting the parties to present evidence on the fault issue advanced the search for the truth and promoted a correct legal ruling. As we stated in *Emmett Ranch, Inc. v. Goldmark Engineering, Inc.,* 908 P.2d 941, 945 (Wyo.1995), requests for admission under Rule 36 are not intended to resolve ultimate legal matters. See also, *Perez,* 297 F.3d at 1268. The United States Court of Appeals for the Eleventh Circuit phrased it well:

> ... [W]hen a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When a party like Perez, however, uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.

*Perez,* 297 F.3d at 1268.

[¶ 14] The second part of the Rule 36(b) test requires the party seeking to have the admissions upheld to show it would be prejudiced by withdrawal or amendment of the admissions. "The prejudice contemplated by Rule 36(b) is not simply that a party who obtained the admission now has to convince the jury of its truth." *Bergemann v. United States,* 820 F.2d 1117, 1121 (10th Cir.1987). Instead, the party seeking to have the admissions enforced must show that it will have difficulty proving its case as a result of the withdrawal of the admissions. For example, prejudice may be established if key witnesses are unavailable to testify about the matter which was initially admitted under Rule 36. The amount of time the party seeking to uphold the admission has relied upon it may also be important to determining whether that party would be prejudiced by withdrawal or amendment of the admission. *Smith v. First National Bank,* 837 F.2d 1575, 1577–78 (11th Cir.1988) quoting *Brook Village North Assoc. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982).

[¶ 15] Ms. Hodges did not establish that she would suffer the prejudice required by the rule. Allowing Lewis to withdraw its admission simply replaced the burden of proof upon the plaintiff—where, in the pursuit of truth, it belonged. Ms. Hodges did not rely on the admission for a substantial period of time. The requests were served on November 26, 2003. Taking into account the three days allowed for mailing under W.R.C.P. 6(d), Lewis' responses were due on December 29, 2003. Lewis' counsel realized his oversight on January 6, 2004, and immediately contacted Ms. Hodges' attorney and asked for an extension of time. When Ms. Hodges' attorney refused to allow Lewis additional time to respond to the requests for admission, Lewis immediately responded to the requests and filed its first motion for extension of time or, in the alternative, amendment or withdrawal of the admissions, on January 12, 2004. Moreover, the district court remedied any prejudice which inured to Ms. Hodges as a result of relying on the admission when it granted her request for a continuance of the trial to allow her additional time to prepare.

[¶ 16] Of course, no party should ignore deadlines imposed by the court rules, and the district court has the inherent power to enforce the rules by imposing sanctions. See, *Raiser*, 409 F.3d at 1246. However, "more than a failure to meet deadlines is required to deny a party relief from an admission." *Id.* The "court's focus must be on the 'effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission.'" *Kirtley v. Sovereign Life Insurance Company of California (In re Durability, Inc.)*, 212 F.3d 551, 556 (10th Cir.2000) quoting *Federal Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir.1994). The district court did not abuse its discretion when it provided Lewis with the opportunity to respond to Ms. Hodges' requests for admission.

[¶ 17] Ms. Hodges argues that the district court did not have discretion to grant Lewis' motion when it did so in July 2004 because Lewis' original motion, which was filed on January 12, 2004, had been deemed denied under W.R.C.P. 6(c)(2). That rule, which has no federal counterpart, states in relevant part: "A motion not determined within 90 days after filing shall be deemed denied. A party whose motion has been deemed denied shall have 10 days after the effective date of such denial to serve such pleadings or other papers, if any, as may be required or permitted." W.R.C.P. 6(c)(2).

[¶ 18] Ms. Hodges argues that, because the district court did not rule on Lewis' January 12, 2004, motion for extension of time within 90 days after it was filed, it was deemed denied. We have no quarrel with that reasoning and agree that the motion was deemed denied after the 90 day period expired. That does not, however, resolve the question in this case because the district court did not rule on Lewis' original motion for extension of time but, instead, granted Lewis' renewed motion.

[¶ 19] Ms. Hodges claims that Lewis' renewed motion was untimely and the district court did not have the authority to consider it. She argues that, under Rule 6(c)(2), Lewis was required to file a motion for reconsideration within ten days after its original motion was deemed denied and, failing that, it was prohibited from filing a renewed motion. Ms. Hodges relies upon our ruling in *Paxton Resources, L.L.C. v. Brannaman*, 2004 WY 93, 95 P.3d 796 (Wyo.2004) as authority for her contention that the district court did not have the authority to revisit the issue.

[¶ 20] Ms. Hodges' reliance upon *Paxton* is misplaced. In that case, we considered the interplay of several court rules in determining when a notice of appeal must be filed under the Wyoming Rules of Appellate Procedure in order to confer jurisdiction upon this Court. *Paxton*, ¶ 4. Paxton filed several post-trial motions, including a motion for a new trial, after a jury awarded Brannaman compensatory damages for breach of contract and breach of the duty of good faith and fair dealing. *Id.*, ¶ 1. The day after the post-trial motions were filed, the district court entered a judgment on the jury verdict. *Id.*, ¶ 3. The court subsequently set a hearing for Paxton's post-trial motions on a date more than 90 days after they were filed. *Id.* Following the hearing, the district court de-

nied the post-trial motions and Paxton appealed. *Id.* The notice of appeal was filed more than 30 days after the post trial motions were deemed denied and, accordingly, we ruled that the notice of appeal was untimely. *Id.,* ¶¶ 3, 18. We stated:

> The whole point of a "deemed denied" provision is that the judgment automatically becomes final and appealable upon passage of the specified period. Therefore, an appeal that is not filed within thirty days after the post-trial motions are deemed denied is untimely.

*Id.,* ¶ 18.

[¶ 21] The difference between the *Paxton* case and the case at bar is obvious. In *Paxton,* the "deemed denied" rule applied to a final judgment; conversely, in this case, the "deemed denied" rule simply applied to an interlocutory discovery motion. The case law is replete with instances where renewed discovery motions are considered. See e.g., *McCulloh,* ¶ 8; *State Farm Mutual Auto. Ins. Co. v. Colley,* 871 P.2d 191, 193 (Wyo. 1994).

[¶ 22] Rule 6(c)(2) does not expressly prohibit the filing of a renewed motion after a discovery motion has been deemed denied. Furthermore, we do not agree with Ms. Hodges' assertion that the last sentence of Rule 6(c)(2) requires that a renewed motion must be filed within ten days after the original motion is deemed denied. · That provision does not dictate, or even speak to, when a party may file a renewed motion.

[¶ 23] Ms. Hodges does not provide any authority for her interpretation of Rule 6(c)(2), and we cannot locate any case law where the rule was applied in that manner. See *First Southwestern Financial Services v. Laird,* 882 P.2d 1211, 1214 (Wyo.1994) (holding that Rule 6(c)(2) did not require the Lairds to file an answer within ten days after their motion to dismiss was deemed denied). Indeed, Ms. Hodges' interpretation of the rule defies logic. Applying Ms. Hodges' rationale, a district court would have discretion to consider a renewed motion which the district court had expressly denied in a prior order but it would not have discretion to reconsider a motion that was deemed denied by operation of law under Rule 6 because it did not rule on the motion within 90 days after it was filed. Such an interpretation would not further the interests of justice or the purposes of the rules of civil procedure. See W.R.C.P. 1.

[¶ 24] In sum, we conclude that the district court had the power to consider Lewis' renewed motion. Moreover, the district court did not abuse its discretion by allowing Lewis to amend its responses to Ms. Hodges' requests for admission in order to deny the matters which had been admitted by operation of law under Rule 36(a).

[¶ 25] Affirmed.