2007 WY 5

**Peter B. STEIGER and Sylvia Steiger, Appellants (Defendants),**

v.

**HAPPY VALLEY HOMEOWNERS ASSOCIATION, Appellee (Plaintiff).**

**No. 05–110.**

Supreme Court of Wyoming.

Jan. 16, 2007.

Representing Appellant: Peter B. Steiger and Sylvia Steiger, Pro se.

Representing Appellee: William D. Bagley of Bagley, Karpan, White, Rose LLC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Peter and Sylvia Steiger are husband and wife and own a tract in Happy Valley subdivision near Cheyenne where they reside. The Happy Valley Homeowners Association (HoA) claim the Steigers are in violation of a protective covenant and brought the instant action to enforce the covenant. The district court granted summary judgment to the HoA. We reverse.

[¶ 2] The Steigers bring four issues to this Court on appeal, but only one needs to be addressed. The Steigers argue that the HoA was not entitled to summary judgment because of their unresolved allegation that the instant legal action against them was never duly authorized by the HoA. In essence, the Steigers alleged that the HoA lacked capacity to bring and maintain the instant suit and therefore have not presented a prima facie case. Under the peculiar facts of this case, we find we must agree.

[¶ 3] The Steigers properly alleged below that the instant legal action against them was never duly authorized by the HoA. During the course of the proceedings, the Steigers served a request for admissions upon the HoA. The HoA did not serve a response to the request within the thirty-day time limit established by W.R.C.P. 36, thereby admitting all matters asserted in the request.[1] Among the admissions were admissions generally establishing that the Board of the HoA was not legally constituted and a specific admission that "any and all actions taken on behalf of the Association at any meeting of the alleged Board of Directors later than August 7, 2003, are invalid and do not represent true actions or commitments of the Association" (the instant suit was filed June 25, 2004).

[¶ 4] Our review of the record reveals no motion by the HoA for withdrawal or amendment of the admissions, nor is there any order allowing the same. As the record stands, therefore, the HoA has admitted, and it is therefore conclusively established, that any action the Board might have taken to authorize this suit was invalid.[2] Without proper authorization, the HoA lacked capacity to prosecute the instant suit. Unfortunately, this lack of capacity is an insurmountable objection to summary judgment.

[¶ 5] It was error to grant summary judgment to the HoA in an action it has admitted it is not authorized to bring or maintain. We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

---

* Chief Justice at time of expedited conference.

1. W.R.C.P. 36 states in pertinent part:

   (a) *Request for admission.*—A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .
   . . . The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the

matter, signed by the party or by the party's attorney. . . .
   * * * *
   (b) *Effect of admission.*—Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

2. Even had the HoA been relieved of its admissions in this regard, in order to prevail the HoA still must demonstrate that it has a right to an injunction against the Steigers. In other words, once properly challenged the HoA has the burden of proof on the issue of capacity. *See Federal Deposit Ins. Corp. v. Main Hurdman,* 655 F.Supp. 259, 262–63 (D.Cal.1987). The HoA submitted no evidence of authorization.