2008 WY 136

**Phillip WOLF, Appellant (Plaintiff),**

v.

**Larry ALLEN, Appellee (Defendant).**

**No. S–08–0080.**

Supreme Court of Wyoming.

Nov. 18, 2008.

Representing Appellant: Phillip Wolf, Pro se.

Representing Appellee: Richard Mathey of Green River, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Appellant Phillip Wolf requests relief from the district court's grant of summary judgment to Appellee Larry Allen. Appellant contends that the district court abused its discretion when it deemed certain facts to have been admitted because of Appellant's failure timely to respond to requests for admission. Finding no abuse of discretion, we affirm.

## ISSUES

[¶ 2] The parties have agreed to state the issue as follows: "Should relief be afforded [Appellant] under W.R.C.P. 60(b)?" Howev-

er, no appeal was taken from the denial of Appellant's Rule 60(b) motion, and the only appealable order listed in Appellant's Notice of Appeal is the "Court Order granting summary judgment to the defendant as well as the Court Order deeming his admission to discovery questions."[1] This Court, therefore, only has jurisdiction over this appeal as it relates to the Order for Summary Judgment and any order subsumed therein. Appellant's argument, though phrased as an appeal from a Rule 60(b) motion, is essentially an argument that he should have been allowed to withdraw his admissions under W.R.C.P. 36(b).

## FACTS

[¶ 3] Appellee served Appellant with a Request for Admissions on September 5, 2007. Appellee filed a Notice of Deemed Admissions on October 12. Three days later, Appellee received Appellant's responses to the Request for Admissions, which were postmarked October 6. Consequently, Appellee withdrew his Notice of Deemed Admissions. In a number of his responses to the requested admissions, Appellant alleged that he was unable properly to respond because documents were not attached for his review. Appellee, who contends that the documents were attached to the first Request for Admissions, served Appellant with a Second Request for Admissions on October 16. When Appellant did not respond within the 30 days required by W.R.C.P. 36, Appellee filed a second Notice of Deemed Admissions on December 3, 2007, and a Motion for Summary Judgment on January 2, 2008. Appellant filed a Response to Notice of Deemed Admissions by Plaintiff on January 16, 2008, alleging *inter alia*, that there were no documents attached to the Second Request for Admissions. Appellant also filed an affidavit in support of his Response to the Notice of Deemed Admissions and in support of his Response to the Motion for Summary Judgment. In that affidavit, Appellant admitted that he did not timely respond to the Second Request for Admissions but argued that the district court should not deem the relevant

points admitted because Appellant had informed Appellee that the relevant documents were not attached and that he could not properly respond without seeing the documents. In support of his Motion for Summary Judgment, Appellee filed the affidavit of the paralegal who prepared the Second Request for Admissions for service, and another paralegal who had verified her work. Both paralegals attested that they had taken particular care to attach and include all relevant documents because of Appellant's claim that the earlier submission was incomplete. The district court deemed admitted the points contained in Appellee's Second Request for Admissions and granted summary judgment against Appellant on all claims in an Order for Summary Judgment on March 4, 2008.

## STANDARD OF REVIEW

[¶ 4] Appellant has made no argument with regard to the substance of the Order for Summary Judgment. He attacks the basis for the summary judgment by arguing that it was an abuse of discretion for the district court to deem admitted the points contained in Appellee's Second Request for Admissions. "District courts have broad discretion to manage pretrial discovery matters. We, therefore, review the district court's decision on a motion to withdraw or amend admissions under Rule 36(b) by applying the abuse of discretion standard." *Hodges v. Lewis & Lewis, Inc.*, 2005 WY 134, ¶ 11, 121 P.3d 138, 142 (Wyo.2005) (citations omitted).

> A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances. The party who is attacking the trial court's ruling has the burden to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.

*Three Way, Inc. v. Burton Enters., Inc.*, 2008 WY 18, ¶ 16, 177 P.3d 219, 225 (Wyo.2008) (citations omitted) (quoting *Doenz v. Bd. of County Comm'rs*, 949 P.2d 464, 465 (Wyo. 1997)).

---

**1.** The district court did not enter a separate order with regard to Appellant's admissions, but

did address that question in its Order for Summary Judgment.

## DISCUSSION

[¶ 5]  It is undisputed that Appellant did not timely respond to Appellee's Second Request for Admissions.  W.R.C.P. 36(a) states that, with regard to requests for admission,

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney[.]

Therefore, the district court was correct in deeming those points admitted to which Appellant had failed to respond in a timely manner. The requirements for withdrawal of an admission are set forth in subsection (b) as follows:

> (b) *Effect of admission.*—Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal of amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. . . .

[¶ 6]  The rule states that a court may permit withdrawal of an admission on motion.  Appellant, however, never filed a motion requesting withdrawal of his admissions under W.R.C.P. 36(b).  In *Steiger v. Happy Valley Homeowners Association,* 2007 WY 5, ¶¶ 4, 5, 149 P.3d 735, 736 (Wyo. 2007), we found that, where a party had not requested withdrawal of an admission, it was not improper for the district court to grant summary judgment based on that admission. The only document we have before us[2] that touches on the subject of withdrawal of the admissions is Appellant's Response to Notice of Deemed Admissions by Plaintiff.  In it, Appellant did not address the issue of whether the merits of the action would be subserved by such relief, as required by Rule 36, but merely reiterated that relevant documents were not attached to Appellee's Second Request for Admissions.  The district court specifically rejected that contention in its Order for Summary Judgment.  We cannot say that the district court abused its discretion in allowing the admissions to stand where Appellant did not properly request withdrawal of the admissions under Rule 36(b), and where Appellant made no argument under the proper standard for such withdrawal in any other motion.[3]

## CONCLUSION

[¶ 7]  Appellant did not request withdrawal of his admissions under Rule 36(b).  The district court did not abuse its discretion when it granted summary judgment based on those admissions and we, therefore, affirm.

---

2.  Appellant did not designate any portion of the district court record for our review.  We have based our review on the relevant documents designated by Appellee.

3.  Out of respect for the latitude afforded *pro se* litigants, we have examined the motions filed in the district court to see if Appellant, at any point, made a proper argument under Rule 36(b).  We would be less inclined to exercise our discretion to conduct this searching review had Appellant appeared before us through counsel.