2010 WY 96

**Peggy A. ROHRER, Appellant (Defendant),**

v.

**BUREAUS INVESTMENT, GROUP NO. 7, LLC, Appellee (Plaintiff).**

No. S–09–0180.

Supreme Court of Wyoming.

July 7, 2010.

Representing Appellant: John M. Burman, Faculty Supervisor, U.W. Legal Services Program; and Carissa D. Mobley, Student Intern. Argument by Ms. Mobley.

Representing Appellee: Larry W. Harrington, Casper, WY.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Peggy A. Rohrer (Rohrer), contends that the district court abused its discretion in denying her "Motion to Have Requests for Admission Deemed Denied, or in the Alternative to Withdraw Admissions." She also contends that the district court erred in granting summary judgment for Appellee, Bureaus Investment, Group No. 7, LLC (Group 7) because it had failed to present a prima facie case for summary judgment and because she came forward with evidence that created genuine issues of material fact.

* Chief Justice at time of oral argument.

We reverse and remand for further proceedings consistent with this opinion.

## ISSUES

[¶ 2] Rohrer raises these issues:

I. Whether the district court erred in denying [Rohrer's] *Motion to have Requests for Admissions Deemed Denied, or in the Alternative, Motion to Withdraw Admissions,* where the only evidence on the record establishes that [Rohrer] had denied the matters in the request for admissions and returned them to [Group 7] through the United States Postal Service, and where Rule 36 of the Wyo. R. Civ. P. allows for withdrawal of admissions where the moving party can show that presentation of the merits of the action will be subserved by allowing the withdrawal and the opposing party fails to demonstrate that they will be prejudiced by allowing the withdrawal.

II. Whether the district court erred in granting [Group 7's] *Motion for Summary Judgment,* finding that [it] had made and supported its motion for summary judgment as required by Rule 56 of the Wyo. R. Civ. Pro., where the rule requires there to be no genuine issues of material fact before summary judgment will be granted as a matter of law.

Group 7 did not provide a statement of the issues, but it argues that the district court's order denying Rohrer's motion to withdraw admissions was not an abuse of discretion and that the grant of summary judgment in Group 7's favor was sound.

## PROCEEDINGS

[¶ 3] On August 6, 2007, Group 7 filed a complaint in the district court. A very similar amended complaint was filed on December 26, 2007. (The district court apparently asked Group 7 to file an amended complaint at an in-chambers conference on November 8, 2007. That proceeding was not reported and it is not included in the record on appeal.) The amended complaint alleged that Group 7 owned a credit account in Rohrer's name. The complaint further alleged that

Rohrer had obtained credit card account number * * * * * * * * * * * 9333 (hereafter "Account") from Chase Manhattan Bank (USA).

[¶ 4] Continuing, Group 7 alleged that Rohrer used the Account, that it had bought that Account, and the corresponding debt was now owed to Group 7. By using the Account, Rohrer agreed to its terms and owed "$5,504.61, as well as interest from the day following the last cycle date, 04/08/2004." Group 7 further contended that Rohrer owed reasonable attorney's fees and contractual interest "if provided in the attached agreement." Rohrer is alleged to have failed to make the payments due under the Account agreement. Because Rohrer failed to make the payments, Group 7 alleged she owed it $6,682.15 plus contractual interest from 04/08/2004 (the contractual interest rate was 15.9900%). Group 7 contended that Rohrer also owed it prejudgment interest on that sum as well. Group 7 also contended that it would be "inequitable" for the district court to deny Group 7's claim for repayment of the sums at issue. A copy of the Account agreement was attached to the complaint.

[¶ 5] On August 31, 2007, and January 7, 2008, Rohrer, *acting pro se*, answered the complaints, generally asserting that she owed nothing and therefore could not owe any interest or attorney's fees either. She also claimed the money figures cited in the complaint were inaccurate and that she had steadfastly denied owing the claims made by Chase and Group 7. On January 7, 2008, Rohrer also filed a motion to dismiss due to lack of prosecution. That motion was denied by order entered on April 14, 2008. Rohrer filed another motion to dismiss due to lack of prosecution on July 17, 2008. Group 7 filed a motion for summary judgment on August 5, 2008. Attached to that motion was a copy of "Plaintiff's First Combined Discovery to Defendant." In that discovery request, Group 7 demanded that Rohrer admit to the following facts:

(1) Admit that you applied for a credit account with Chase. (2) Admit that credit card number * * * * * * * * * * * 9333 was issued to you by Chase herein. (3) Admit that you received at least one credit card for Credit Account * * * * * * * * * * * 9333. (4) Admit that you received a card holder agreement, a copy of which is attached to the complaint, when you received the credit card for Credit Account * * * * * * * * * * * 9333. (5) Admit that you used, or allowed another person to use the Credit Account * * * * * * * * * * * 9333 while it still had a balance. (6) Admit that you received monthly statements from the issue of Credit Account * * * * * * * * * * * 9333. (7) Admit that you stopped making payments on the Credit Account * * * * * * * * * * * 9333 while it still had a balance. (8) Admit that you owed $5504.61 on the account on April 8, 2004.(9) Admit that interest on the account as of April 8, 2004 was 15.9900% per annum. (10) Admit that you did not make any payments on the account after April 8, 2004.

[¶ 6] Group 7 also filed a motion for summary judgment and an affidavit in support of that motion in which Group 7 averred that the "paper" at issue here was purchased by Group 7. Attached to that motion were (1) a copy of the bill of sale memorializing that purchase on 4/30/04; (2) a copy of the original Credit Agreement; (3) a copy of a billing with a payment due date of 05/02/04 showing a balance of $5,504.61; (4) a copy of a billing showing a payment due date of 05/03/2004 showing a balance of $0.00. We note here that the bill of sale described above contained a notation that it was in reference to "Accounts described in Exhibit 'A' attached hereto," but no such attachment appears in the record. Another attachment was an affidavit for attorney's fees signed by Group 7's attorney in the amount of $375.00.

[¶ 7] On August 5, 2008, Group 7 filed a brief in support of its motion for summary judgment, as well as a statement of the undisputed material facts which mandated summary judgment in Group 7's favor. A hearing on that motion was set for August 21, 2008, and then vacated and reset for September 18, 2008.

[¶ 8] On February 11, 2009, counsel entered an appearance on Rohrer's behalf. On

March 27, 2009, Rohrer filed a response to Group 7's motion for summary judgment. She contended that the debt at issue had been settled with Chase as shown in a document found at page 124 of the record on appeal. She claimed she had disputed all attempts made by Chase and others to collect that debt again, although she did not have any documentation to support that contention, other than the document on page 124. She also asserted that she answered all of the requests for admissions and substantively denied Group 7's assertions that she owed any debt to it, but she had not retained a copy of that response. Rohrer also moved the district court to allow her to withdraw any admissions she was deemed to have made.

[¶ 9] The district court denied Rohrer any relief with respect to the admissions. It also granted summary judgment for Group 7, finding there were no genuine issues of material fact of record and that Group 7 was entitled to judgment as a matter of law.

## DISCUSSION

### Admissions

[¶ 10] The civil rule which governs the sort of admissions at issue here is lengthy and detailed:

**Rule 36. Requests for Admission.**

(a) *Request for Admission.*—A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth.

The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon that defendant. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to

trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(b) *Effect of Admission.* Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

■■ [¶ 11] We have held that the district courts have broad discretion to manage pretrial discovery matters. Therefore, we review a district court's decision on a motion to withdraw or amend admissions under Rule 36(b) by applying the abuse of discretion standard. *Wolf v. Allen,* 2008 WY 136, ¶ 4, 196 P.3d 775, 776 (Wyo.2008). In that case we stated the "abuse of discretion" standard to be:

A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances. The party who is attacking the trial court's ruling has the burden to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did.

■■ [¶ 12] In our decisions, we have not been altogether consistent in articulating what we mean by "abuse of discretion." However, the following is the statement of its meaning as we have employed it since the publication of our decision in *Vaughn v. State,* 962 P.2d 149, 151–52 (Wyo.1998):

Over the years, an abuse of discretion has frequently been described by this Court as "an error of law in the circumstances." *Eager v. Derowitsch,* 68 Wyo. 251, 264, 232 P.2d 713, 717 (1951). This

phrasing apparently first appeared in Wyoming in the *Eager* case, and recent examples of its invocation are found in [many cases] (citations omitted).... We have begun to question the validity of such a definition of abuse of discretion, and have suggested that "the ultimate issue is whether or not the court could reasonably conclude as it did." *Gaines v. Doby,* 794 P.2d 566, 570 (Wyo.1990). See also, *Love v. Love,* 851 P.2d 1283, 1286 (Wyo.1993).

We conclude that we should no longer describe an abuse of discretion as an error of law under the circumstances because a court does not enjoy any discretion with respect to an error of law. We perceive the core of our inquiry as reaching the question of reasonableness of the choice made by the trial court. Henceforth, we will turn to a definition adopted in *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986), in which we said:

*Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.* *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985). [Emphasis added.]

We have invoked that definition in [many cases] (citations omitted)....

While on occasion we have offered a more concise concept of abuse of discretion, such as a determination as to whether or not the court could reasonably conclude as it did, (*Mapp v. State,* 929 P.2d 1222, 1225 (Wyo.1996); *Counts v. State,* 899 P.2d 1341, 1343 (Wyo.1995)), or whether the court acted in a manner which exceeded the bounds of reason under the circumstances (*Miller v. State,* 904 P.2d 344, 351 (Wyo.1995); *Kupec v. State,* 835 P.2d 359, 362 (Wyo.1992)), in this case we proceed to determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious....

Compare, *Hodges v. Lewis & Lewis, Inc.,* 2005 WY 134, ¶ 11, 121 P.3d 138, 142–43 (Wyo.2005) (wherein we included the aban-

doned language, "[a]n abuse of discretion has been said to mean an error of law committed by the court under the circumstances.").

■ [¶ 13] We proceed now to invoke the abuse of discretion standard we have heretofore applied, albeit not altogether consistently, since 1999:

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Vaughn,* 962 P.2d at 151 (citation omitted).

■ [¶ 14] Furthermore, we apply the analytical framework for addressing the specific issue posed here as set out in *Hodges,* ¶¶ 12–14, 121 P.3d at 143:

In order to satisfy the first prong of the two-part test for withdrawing or amending admissions under W.R.C.P. 36(b), the moving party must show that the presentation of the merits of the case will be subserved by allowing the withdrawal or amendment. The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami–Dade County,* 297 F.3d 1255, 1265 (11th Cir.2002) quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994) [now Vol. 8B, 3d ed. 2010]. The first factor of the Rule 36(b) test emphasizes the importance of having actions resolved on the merits rather than as a result of a technical error. *Raiser,* 409 F.3d at 1246; *Perez,* 297 F.3d at 1266. This requirement is satisfied when it is shown that upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* Thus, there is a distinct preference in the rule for ascertaining the truth and deciding the case on its merits. *Perez,* 297 F.3d at 1266.

Applying the first part of the test to this case, we conclude that allowing Lewis to amend its response to Request for Admission No. 26 which stated that Ms. Hodges did not contribute to her injuries subserved the presentation of the merits of the controversy. Lewis had filed an answer denying Ms. Hodges' claim that it was negligent and expressly stating, in an affirmative defense, that Ms. Hodges was more than fifty percent (50%) at fault for her injuries. If the admission had been allowed to stand, it would have essentially decided the breach-of-duty element of Ms. Hodges' negligence action. Permitting the parties to present evidence on the fault issue advanced the search for the truth and promoted a correct legal ruling. As we stated in *Emmett Ranch, Inc. v. Goldmark Engineering, Inc.,* 908 P.2d 941, 945 (Wyo.1995), requests for admission under Rule 36 are not intended to resolve ultimate legal matters. See also, *Perez,* 297 F.3d at 1268. The United States Court of Appeals for the Eleventh Circuit phrased it well:

. . . [W]hen a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly. When a party like Perez, however, uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.

*Perez,* 297 F.3d at 1268.

The second part of the Rule 36(b) test requires the party seeking to have the admissions upheld to show it would be prejudiced by withdrawal or amendment of the admissions. "The prejudice contemplated by Rule 36(b) is not simply that a party who obtained the admission now has to convince the jury of its truth." *Bergemann v. United States,* 820 F.2d 1117, 1121 (10th Cir.1987). Instead, the party seeking to have the admissions enforced must show that it will have difficulty proving its case as a result of the withdrawal of the admissions. For example, prejudice may be established if key witnesses are unavailable to testify about the matter which was initially admitted under Rule 36. The amount of time the party seeking to uphold

the admission has relied upon it may also be important to determining whether that party would be prejudiced by withdrawal or amendment of the admission. *Smith v. First National Bank,* 837 F.2d 1575, 1577–78 (11th Cir.1988) quoting *Brook Village North Assoc. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982).

 [¶ 15] In the instant case, Rohrer asserts that she did respond to the requests for admissions, although she had no proof of that contention. However, she answered both the initial and the amended complaints with forthright denials of the gravamen of the complaint, i.e., that she owed Chase (or Group 7) any money for the credit card Account at issue. Rohrer does not appear to contest the matters posed in admission nos. 1–6, but denies 7–10. Although we decline to characterize the request for admission used in this case as being a "wild-eyed hope that the other side will fail to answer," we do perceive it as an attempt to obtain Rohrer's admissions to matters that she had vehemently denied multiple times since 2004. We deem that a circumstance which satisfies the first part of the test—i.e., the presentation of the merits of the case will be subserved by allowing withdrawal of at least those admissions contained in items 6–10. Secondarily, Group 7 has not come forward with a plausible argument that it would be prejudiced by allowing Rohrer the opportunity to tell her apparently quite brief story, and otherwise present her case, to a fact-finder. In sum, we conclude that the district court abused its discretion by not allowing Rohrer to withdraw those admissions which go to the matters which she has denied since this matter first arose over six years ago.

**Genuine Issues of Material Fact**

 [¶ 16] Rohrer also contends that if the admissions Group 7 is dependent on are permitted to be withdrawn, then a genuine issue of material fact exists because her denial that she owes the debt at issue is at odds with Group 7's contention that she owes a debt owned by Group 7 via the bill of sale that does not include the Exhibit "A" referenced therein. We are further persuaded that that contention is sound.

**CONCLUSION**

[¶ 17] The district court's summary judgment order is reversed, and this matter is remanded to the district court with directions that Rohrer's motion to withdraw admissions 6–10 be granted and, furthermore, that this matter be set for trial.