**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 12, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

PAUL WACH,

    Plaintiff - Appellant,

v.

CARRIE L. COCHRAN; GREG
JOHNSON,

    Defendants - Appellees,

and

BRETT VAROZ; MARSHALL
THOMPSON; MIKE HADDON; UTAH
BOARD OF PARDONS AND PAROLE;
UTAH DEPARTMENT OF
CORRECTIONS BOARD AND PAROLE
MEMBERS; UTAH DEPARTMENT OF
CORRECTIONS; DONA CAMPAGNA,

    Defendants.

No. 22-4077
(D.C. No. 2:20-CV-00847-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Paul Wach, an inmate appearing pro se, appeals from the district court's dismissal of his civil rights complaint on screening.  28 U.S.C. § 1915A(b); Wach v. Utah Bd. of Pardons & Parole, No. 20-CV-847, 2022 WL 3082897 (D. Utah Aug. 3, 2022). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

In an amended complaint,[1] Mr. Wach named Utah Board of Pardons and Parole (BPP) Chair Carrie Cochran, BPP member Greg Johnson, and John/Jane Does 1–10 as defendants.  R. 120–22.  It is unclear who the John/Jane Does refer to, as they are only described as unnamed employees of the BPP.  R. 122.

Mr. Wach alleged that Ms. Cochran and Mr. Johnson violated his rights to procedural and substantive due process and equal protection, as well as to be free of cruel and unusual punishment.  R. 125–26.  He alleged that approximately around April 2019, Ms. Cochran and Mr. Johnson each made comments that he had been given his full BPP file, but then in May 2019 he received a letter stating that he had

---

[1] Defendants were not served and did not appear in the district court or in this appeal. The district court ordered Mr. Wach to cure the deficiencies in his initial complaint, which, in addition to naming Ms. Cochran and Mr. Johnson, named as defendants the Utah Department of Corrections, the Utah Board of Pardons and Parole, and four other individuals.  On appeal, Mr. Wach focuses on the dismissal of his claims against Ms. Cochran and Mr. Johnson.  Insofar as the unnamed and unserved defendants, they are not parties to the case and do not prevent a dismissal order on all other claims from being "final and appealable."  See Raiser v. Utah Cnty., 409 F.3d 1243, 1245 n.2 (10th Cir. 2005).

not been given two items that were in the file. R. 123. He alleged that this omission led to a longer time in prison and caused him various emotional injuries. R. 126. He sought damages, a fine, and an order that the BPP not retaliate against him. R. 128.

The district court held that the two named defendants were absolutely immune from damages liability based upon their decision to deny him parole and that the Utah parole statute did not create a liberty interest protected by the federal constitution. It also determined that no facts supported an order against retaliation and no authority allowed it to impose a fine in these circumstances. On appeal, Mr. Wach contends that he was denied a parole date (and a rehearing date was set) based upon false information that was not disclosed to him and that the parole board is not immune.

**Discussion**

We note that Mr. Wach is proceeding under 42 U.S.C. § 1983, not 28 U.S.C. § 2241. We construe pro se pleadings liberally, but do not act as advocates for pro se litigants. United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009). "Dismissal for failure to state a claim is a legal question we review de novo." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009). We accept all well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. To survive dismissal for failure to state a claim, the facts as alleged must state a plausible claim for relief which must be more than a "sheer possibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On appeal, Mr. Wach argues that the district court erred because BPP members are not entitled to immunity from damages liability if they engage in intentional wrongdoing. Aplt. Br. at 2, 4. Members of the BPP are "absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denying of parole." Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988) (per curiam). Here, all indications are that Ms. Cochran and Mr. Johnson's comments came within the scope of their official duties. Thus, both defendants have absolute immunity with respect to Mr. Wach's claim for damages. There is no other basis for Mr. Wach's requested injunctive relief.

Moreover, there is no constitutional right of a validly convicted person to be conditionally released before the end of their sentence — the valid conviction "has extinguished that liberty right." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Mr. Wach argues that the Utah parole statute creates a liberty interest, but this circuit has held repeatedly that the Utah statute places no limits on the BPP's discretion and does not create a liberty interest protectable by the U.S. Constitution. Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1214–15 (10th Cir. 2009); Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir. 1994). Further, denial of parole under a statute which vests discretion in the parole board is not cruel and unusual punishment. Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992). Thus, Mr. Wach has not stated a plausible claim for relief.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge